**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **RYAN KAISER, on behalf of himself and others similarly-situated,** § § § | |
| *Plaintiff,* § § | |
| § | CIVIL ACTION NO. 4:18-cv-341 |
| v. § § | |
| **REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE,** § § § § | JURY DEMAND |
| *Defendants.* § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff RYAN KAISER (hereinafter "Plaintiff" or "Kaiser"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through his counsel, files this Collective Action Complaint against Defendants REVIVAL HOME HEALTHCARE SERVICES, INC. (hereinafter "Revival") and Sylvester C. Udeze (hereinafter "Udeze" and, together with Revival, "Defendants"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

## I.    INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* (hereinafter "FLSA"), by Plaintiff RYAN KAISER on behalf of himself and all others similarly-situated, who were formerly or are currently employed by Defendants as home health aides and were not paid overtime for all hours worked in excess of 40 hours a week as required by 29 U.S.C. § 207(a). *See* 29 U.S.C. § 216(b).

2. Plaintiff Kaiser is one of a number of home health aides who are or were formerly employed by Defendants and whose compensation was improper under the FLSA because Defendants failed and refused to compensate Plaintiffs for their overtime hours worked as required by the FLSA. As their employer, the Defendants required and/or permitted Plaintiff and the other home health aides to routinely work in excess of forty (40) hours per week, but failed or refused to compensate them for such overtime hours worked in accordance with the FLSA. Specifically, Plaintiff and other home health aides were non-exempt hourly employees, but Defendants failed to compensate them at a rate of at least one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week. Such conduct by Defendants was a violation of the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

3. Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the FLSA and have not been paid pursuant to the wage and hour provisions of the FLSA by the Defendants, Plaintiff brings this action on behalf of himself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

## II. PARTIES

4. Plaintiff RYAN KAISER was at all material times one of a number of non-exempt home health aides employed by Defendants. He presently resides in Texas and has been a resident of Texas during all material times. He was employed by Defendants as a home health aide, providing companionship services, from February 2016 to November 2017. Plaintiff's hours varied from week to week in 2016 and 2017 but he regularly worked more than 40 hours a week. Despite his overtime work, Plaintiff was not properly compensated for all hours worked in excess

of 40 hours per week. Plaintiff was, at all material times, a covered, non-exempt employee of Defendants within the meaning of the FLSA. *See* 29 U.S.C. §§ 203(e), (g).

5. Defendant REVIVAL HOME HEALTHCARE SERVICES, INC. ("Revival" and, together with Sylvester C. Udeze, "Defendants") is a Texas corporation with its principal place of business in Plano, Texas, which can be served with process by serving its registerd agent, Sylvester C. Udeze, at 8717 Smokey Canyon Way, Plano, Texas 75024, or wherever he may be found. Defendant Revival employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding the Plaintiff's rights for which Plaintiff seeks redress in this case.

6. Defendant SYLVESTER C. UDEZE ("Udeze" and, together with Revival, "Defendants") is an individual who can be served at 8717 Smokey Canyon Way, Plano, Texas 75024, or wherever he may be found. At all relevant times, Udeze was owner, president, and director of Revival, and, as such, is an "employer" under the FLSA. At all relevant times, Defendant Udeze has controlled the operations, pay policies, payroll decisions, and personnel decisions for Defendant Revival. At all relevant times, Defendant Udeze has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees. Defendant Udeze employed Plaintiff and other similarly situated employees and participated directly in employment decisions regarding the Plaintiff's rights for which Plaintiff seeks redress in this case.

7. The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants.

### III. JURISDICTION

8. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Eastern District of Texas.

### IV. VENUE

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), & (d) because Defendants reside in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

### V. COVERAGE UNDER THE FLSA

10. At all material times, Defendants are and have been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of 29 U.S.C. § 203(d).

11. At all material times, Defendants are and have been an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and (s).

12. At all material times, Defendants had, and continue to have, an annual gross income of sales made or business done of not less than $500,000. *See* 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendants who are covered by the FLSA because Defendants are a covered enterprise.

14. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendants who are covered by the FLSA because they were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

### VI. GENERAL FACTUAL ALLEGATIONS

15. Defendant Revival is a Texas corporation that offers home health care services to clients in North Texas, including by providing home health aides and other health care staff to work in the clients' homes.

16. Defendant Udeze is an officer of Revival and, at all material times, participated directly in employment decisions regarding the rights for which Plaintiff seeks redress in this case, including, but not limited to, staffing, scheduling, compensation, work assignments, pay policies, and payroll decisions.

17. Plaintiff and all others similarly situated, at all material times, worked for Defendants as home health aides who provided companionship services for the elderly, ill, or disabled.

18. Plaintiff and all others similarly situated were, at all material times, non-exempt hourly employees.

19. Plaintiff's hours varied from week to week, but he regularly worked more than 40 hours a week.

20. Upon information and belief, the other similarly situated employees were also regularly scheduled to and did work more than 40 hours in a week.

21. Neither Plaintiff nor the other similarly situated employees were compensated in accordance with the FLSA because they were not paid overtime wages at a rate of at least 150% of their regular hourly rates for all hours worked in excess of 40 hours a week for all weeks worked after April ___, 2015.

22. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practices.

23. For at least three (3) years prior to filing Plaintiff's Original Complaint (hereinafter the "Liability Period"), Defendants have had a policy and practice of not correctly compensating their non-exempt employees for work performed for the benefit of Defendants over and above 40 hours per week as required under the FLSA.

## VII. FLSA VIOLATIONS

24. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

25. The FLSA, however, exempted from overtime "domestic workers" who provided companionship and other services to individuals who were unable to care for themselves and also exempted live-in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

26. Until recently, the Department of Labor interpreted these exemptions to include such workers who were employed by third-party agencies or employers.

27. Due to a shift from domestic service workers being hired directly by the home care recipient to domestic service workers primarily employed by third-party agencies, the Department of Labor adopted regulations in October 2013 changing its position on the application of these exemptions to domestic service workers employed by third-party agencies or employers.

28. Thus, beginning on January 1, 2015, domestic service workers employed by third-party agencies or employers were no longer exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. §552.109(a) 2015.

29. Accordingly, as of January 1, 2015, all domestic service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 150% of the employee's regular rate of pay for hours worked over 40 in a work week.

30. Defendant has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic service workers, like Plaintiff and the other similarly situated employees, overtime as now required by law, effective January 1, 2015.

31. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the other similarly situated employees overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime effective January 1, 2015.

### VIII. COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff (the "Collective Action Representative") brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly situated former and current employees of the Defendants. The potential class of "opt-in" employees can be defined as:

> *All home health aides currently or formerly employed by Defendants since April ___, 2015, who were paid under a compensation system where they were not compensated for ll hours worked or related overtime at the rate of time and one half for all hours worked over forty (40) in a given workweek.*

33. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing or refusing to compensate their employees at a rate of at least one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

35. Defendants' practice and policy of not paying overtime effective January 1, 2015, affects Plaintiff and the other similarly situated employees and is a willful violation of the FLSA.

36. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may be easily and quickly notified of the pendency of this action. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices.

37. Potential collective action members may be informed of this pendency of this collective action through direct mail, email, and office posting. Plaintiff is aware of current and former employees of the Defendants that have been affected by the Defendants' policies and practices complained of in this action.

38. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the other home health aides are similarly situated employees. The specific job titles or precise job requirements of the similarly situated employees do not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

39. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of fact and law common to the class arising from Defendants' actions include, without limitation, the following:

    a. Whether Plaintiffs were covered non-exempt hourly employees;

    b. Whether Plaintiffs were compensated for all hours worked;

    c. Whether Plaintiffs worked more than 40 hours per week;

  d. Whether Plaintiffs were compensated at 150% of their regular rate for all hours worked in excess of 40 hours in any and all weeks;

  e. Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

  f. Whether Defendants' compensation policy and practice is illegal; and

  g. Whether Defendants had a policy and practice of willfully failing to compensate employees for overtime.

40. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

41. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative and reported to the same managers.

42. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of collective action members to protect their interests.

1. The Collective Action Representative is an adequate representative of similarly situated current and former employees because he was an employee of the same entity and his

interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent. This is so because the Collective Action Representative worked for the Defendants, worked the overtime hours which are the subject of this complaint, and further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and his undersigned counsel.

43. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## IX.   COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. At all material times, Plaintiff and all others similarly situated were employees of Defendants.

46. At all material times, Defendants, as more fully set forth above, required and/or permitted Plaintiff and all others similarly situated to work in excess of 40 hours per week, but failed or refused to compensate them for all such hours.

47. Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate. See 29 U.S.C. § 207(a).

48. Accordingly, Plaintiff and all others similarly situated have been deprived of overtime compensation in amounts to be determined at trial.

49. Further, Plaintiff and all others similarly situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. See 29 U.S.C. § 216(b).

50. Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendants were willful. Specifically, the Defendants had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of overtime for all hours worked beyond 40 per week. 29 U.S.C. § 255.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court:

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of 40 in a week;

(b) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of overtimes wages owed to them;

(d) issue an Order directing Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(e) issue an Order declaring Defendants' overtime practices to be illegal and directing Defendants to comply with the FLSA;

(f) issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(g) provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Respectfully Submitted:

By: */s/ Corinna Chandler*
      Corinna Chandler
      Texas Bar No. 24061272
      Chandler Law, P.C.
      3419 Westminster #343G
      Dallas, Texas 75205
      972-342-8793
      972-692-5220 (fax)
      chandler@chandlerlawpc.com

**ATTORNEY FOR PLAINTIFF**