IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RYAN KAISER, on behalf of himself and others similarly situated persons, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Civil Action No. 4:18-cv-341 |
| REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, | § § § § | JURY DEMAND |
| *Defendants.* | § § | |

## DEFENDANTS' ORIGINAL ANSWER

COMES NOW, Defendants, REVIVAL HOME HEALTHCARE SERVICES, INC. (hereinafter referred to as "Revival") and SYLVESTER C. UDEZE, (hereinafter referred to as "Udeze" and together with Revival, "Defendants") and files this their Answer to Plaintiff's Complaint, (hereinafter referred to as the "Complaint") and would respectfully show the Court the following:

### I.    NATURE OF THIS SUIT

1.    Defendants admit that this lawsuit has been initiated under the Fair Labor Standards Act, ("FLSA"). Defendant admits that the Plaintiff, RYAN KAISER was formerly employed with Defendant REVIVAL HOME HEALTHCARE SERVICES, INC. as a home health aide. For response to the final sentence contained in Paragraph 1 of the Complaint, Defendants deny any employee was not paid overtime if they work more than 40 hours a week.

2.    For purpose of response to Paragraph 2 of the Complaint, Defendants deny all the allegations contained in Paragraph 2 of the Complaint and strict proof is demanded thereof.

**DEFENDANTS' ORIGINAL ANSWER**                                              **PAGE 1**

3.      For purpose of response to Paragraph 3 of the Complaint, Defendants deny all the allegations contained in Paragraph 3 of the Complaint and strict proof is demanded thereof.

## II.    PARTIES

4.      For purpose of response to the allegations contained in Paragraph 4 of the Complaint, Defendants admit to the first part of Paragraph 4 and Defendants deny the allegation in the second part of Paragraph 4 of the Complaint and strict proof is demanded thereof.

5.      For purpose of response to the allegations contained in Paragraph 5 of the Complaint, Defendant Udeze admits that he owns and operates REVIVAL HOME HEALTHCARE SERVICES, INC. in Texas.

6.      For purpose of response to the allegations contained in Paragraph 6 of the Complaint, Defendant Sylvester C. Udeze admits that he is the owner of REVIVIAL HOME HEALTHCARE SERVICES, INC. but denies that he has personal liability.

7.      For purpose of response to the allegations contained in Paragraph 7 of the Complaint, Defendants admit.

## III.    JURISDICTION

8.      For purpose of response to Paragraph 8 of the Complaint, Defendants admit.

## IV.  VENUE

9.      For purpose of response to Paragraph 9 of the Complaint, Defendants admit.

## V.    COVERAGE UNDER THE FLSA

10.      For purpose of response to Paragraph 10 of the Complaint, Defendants admit.

11.      For purpose of response to Paragraph 11 of the Complaint, Defendants deny the allegations contained in Paragraph 11 of the Complaint and strict proof is demanded thereof.

12.      For purpose of response to Paragraph 12 of the Complaint, Defendants admit.

13.      For purpose of response to Paragraph 13 of the Complaint, Defendants admit.

**DEFENDANTS' ORIGINAL ANSWER**                                                 **PAGE 2**

14.     For purpose of response to Paragraph 14 of the Complaint, Defendants admit.

## VI.   GENERAL FACTUAL ALLEGATIONS

15.     For purpose of response to Paragraph 15 of the Complaint, Defendants admit.

16.     For purpose of response to Paragraph 16 of the Complaint, Defendants admit.

17.     For purpose of response to Paragraph 17 of the Complaint, Defendants admit.

18.     For purpose of response to Paragraph 18 of the Complaint, Defendants admit.

19.     For purpose of response to the allegations contained in Paragraph 19 of the Complaint, Defendants deny the allegations contained in Paragraph 19 of the Complaint and strict proof is demanded thereof.

20.     For purpose of response to the allegations contained in Paragraph 20 of the Complaint, Defendants deny all allegations contained in Paragraph 20 of the Complaint and strict proof is demanded thereof.

21.     For purpose of response to the allegations contained in Paragraph 21 of the Complaint, Defendants deny all allegations contained in Paragraph 21 of the Complaint and strict proof is demanded thereof.

22.     For purpose of response to the allegations contained in Paragraph 22 of the Complaint, Defendants deny all allegations contained in Paragraph 22 of the Complaint and strict proof is demanded thereof.

23.     For purpose of response to the allegations contained in Paragraph 23 of the Complaint, Defendants deny all allegations contained in Paragraph 23 of the Complaint and strict proof is demanded thereof.

## VII.  <u>FLSA VIOLATIONS</u>

24.     For purpose of response to the allegations contained in Paragraph 24 of the Complaint, Defendants admit.

25.     For purpose of response to the allegations contained in Paragraph 25 of the Complaint, Defendants admit.

26.     For purpose of response to the allegations contained in Paragraph 26 of the Complaint, Defendants admit.

27.     For purpose of response to the allegations contained in Paragraph 27 of the Complaint, Defendants deny all allegations contained in Paragraph 27 of the Complaint and strict proof is demanded thereof.

28.     For purpose of response to the allegations contained in Paragraph 28 of the Complaint, Defendants deny all allegations contained in Paragraph 28 of the Complaint and strict proof is demanded thereof.

29.     For purpose of response to the allegations contained in Paragraph 29 of the Complaint, Defendants deny all allegations contained in Paragraph 29 of the Complaint and strict proof is demanded thereof.

30.     For purpose of response to the allegations contained in Paragraph 30 of the Complaint, Defendants deny all allegations contained in Paragraph 30 of the Complaint and strict proof is demanded thereof.

31.      For purpose of response to the allegations contained in Paragraph 31 of the Complaint, Defendants deny all allegations contained in Paragraph 31 of the Complaint and strict proof is demanded thereof.

## VII.  COLLECTIVE ACTION ALLEGATIONS

32.    For purpose of response to the allegations in Paragraph 32 of the Complaint Defendants admit.

33.    For purpose of response to the allegations in Paragraph 33 of the Complaint Defendants admit.

34.    For purpose of response to the allegations in Paragraph 34 of the Complaint Defendants admit.

35.    For purpose of response to the allegations in Paragraph 35 of the Complaint Defendants deny the allegation Paragraph 35 of the Complaint and strict proof is demanded thereof.

36.    For purpose of response to the first part of the allegations in Paragraph 36 of the Complaint Defendants admit. For the purpose of the allegations in the second part of Paragraph 36 of the Complaint Defendants deny and strict proof is demanded thereof.

37.    For purpose of response to the first part of the allegations in Paragraph 37 of the Complaint Defendants admit.  For the purpose of the the allegation in the second part of Paragraph 37 of the Complaint Defendants deny and strict proof is demanded thereof.

38.    For purpose of response to the allegations in Paragraph 38 of the Complaint Defendants deny the allegation Paragraph 38 of the Complaint and strict proof is demanded thereof.

39.    For purpose of response to the allegations in Paragraph 39 of the Complaint Defendants admit.

40.    For purpose of response to the allegations in Paragraph 40 of the Complaint Defendants admit.

41.     For purpose of response to the allegations in Paragraph 41 of the Complaint Defendants deny the allegation Paragraph 41 of the Complaint and strict proof is demanded thereof.

42.     For purpose of response to the allegations in Paragraph 42 of the Complaint Defendants deny the allegation Paragraph 42 of the Complaint and strict proof is demanded thereof.  For purpose of response to the allegations in Paragraph 42.1 of the Complaint Defendants deny the allegation Paragraph 42.1 of the Complaint and strict proof is demanded thereof.

43.     For purpose of response to the allegations in Paragraph 43 of the Complaint Defendants deny the allegation Paragraph 43 of the Complaint and strict proof is demanded thereof.

## IX.  COUNT I
### (VIOLATION OF FLSA, 29 U.S.C. § 207(a))

44.     For purpose of response to the allegations in Paragraph 44 of the Complaint Defendants admit.

45.     For purpose of response to the allegations in Paragraph 45 of the Complaint Defendants admit.

46.     For purpose of response to the allegations in Paragraph 46 of the Complaint Defendants deny the allegation in Paragraph 46 of the Complaint and strict proof is demanded thereof.

47.     For purpose of response to the allegations in Paragraph 47 of the Complaint Defendants deny the allegation in Paragraph 47 of the Complaint and strict proof is demanded thereof.

48.     For purpose of response to the allegations in Paragraph 48 of the Complaint Defendants deny the allegation Paragraph 48 of the Complaint and strict proof is demanded thereof.

49.     For purpose of response to the allegations in Paragraph 49 of the Complaint Defendants deny the allegation Paragraph 49 of the Complaint and strict proof is demanded thereof.

50.     For purpose of response to the allegations in Paragraph 50 of the Complaint Defendants deny the allegation in Paragraph 50 of the Complaint and strict proof is demanded thereof.

## VI.     PRAYER

WHEREFORE, Defendants respectfully pray (1) that the Court deny Plaintiff's request to proceed as a collective action under the FLSA, (2) that the Court enter a take nothing judgment on all Plaintiff's claims and Plaintiff does not receive his costs of court, or alternatively; (3) that any damages awarded to Plaintiff be reduced or barred pursuant to Defendants' affirmative defenses; and (4) for such other and further relief, both general and specific, to which they may be justly entitled.

Respectfully submitted,

THE CRAMER LAW GROUP

By:     /S/ MICHAEL R. CRAMER
        Michael R. Cramer
Texas State Bar Number: 00790526
603 White Hills Drive
Rockwall, Texas 75087
Telephone: 972-682-9902
Facsimile: 972-767-3262
Michael@MrcTexLaw.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2018 I electronically filed the foregoing with the clerk of the Court using the CM/ECF system that will send notice of the electronic filing to all parties of record.

/S/ MICHAEL R. CRAMER
Michael R. Cramer