**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, § § § *Plaintiff,* § § v. § REVIVAL HOME HEALTHCARE § SERVICES, INC. and SYLVESTER C. § UDEZE, § § *Defendants.* § | CIVIL ACTION NO. 4:18-cv-00341-ALM |

**FIRST STAGE MOTION FOR NOTICE TO POTENTIAL
PLAINTIFFS & CONDITIONAL CERTIFICATION**

Plaintiff, Ryan Kaiser, on behalf of himself and all others similarly situated, presents this First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification and shows the Court as follows:

**I.     OVERVIEW & FACTUAL BACKGROUND**

This First Stage Motion is brought by Plaintiff Ryan Kaiser on behalf of himself and all others similarly situated, who were formerly or are currently employed by Defendants as home health aides. Pursuant to Defendant's policies and practices, these workers were each (1) compensated on an hourly basis for on-the-clock hours worked, (2) required to work in excess of 40 hours in certain workweeks between September 1, 2015, and the present, and (3) not paid overtime premiums for on-the-clock overtime hours worked. These policies and practices applied to all home health aides employed by Defendants. These similarly situated employees and former employees of Defendants worked overtime but did not receive overtime compensation for their overtime work.

This is ***not*** a Rule 23 Motion for class certification. It ***is*** a motion brought pursuant to the collective action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). In stark contrast to Rule 23 ***class*** action cases, ***collective*** action cases are ***opt-in—not opt-out***. Thus, the standards applicable to obtain collective action notice are drastically more lenient than those applicable to Rule 23 class actions.

At this early stage in the case, Defendants have admitted that "between September 1, 2015, and the present, they "employed at least 20 home health aides," multiple home health aides "worked in excess of 40 hours in certain workweeks," and Defendants compensated those home health aides "at their regular hourly rate" for overtime hours worked. *See* Deemed Admissions attached as **Exhibit A** at Requests 7-11.[1] Defendants' admissions also confirm that Plaintiff Ryan Kaiser worked for the Defendants as a home health aide between February 2016 and November 2017, worked overtime hours, and was not paid an overtime premium "for any hours worked." *Id.* at Requests 1-5. During the same period, "Defendants compensated home health aides at their regular hourly rate regardless of how many hours they worked" and did not pay overtime premiums for any overtime hours worked. *Id.* at Requests 12-14. Defendants' admissions further establish "that Defendants were aware of the requirement to pay overtime to home health aides at a rate of at least 1.5 times their regular hourly rate as of January 1, 2015." *Id.* at Request 20.

It is clear that similarly situated individuals exist who are not yet participating in this case and who may be unaware of this suit or of their rights to proceed in this forum. A Notice to Potential Plaintiffs will allow a limited group of Defendants' current and former employees to

---

[1] Plaintiff's First Set of Requests for Admission to Defendants was served on Defendants' counsel on September 28, 2018. Defendants' response was due on November 29, 2018. As of the filing of this motion, Defendants have not responded to Plaintiff's First Set of Requests for Admission to Defendants. Therefore, pursuant to Fed. R. Civ. P. 36(a)(3), the matters set forth in Plaintiff's First Set of Requests for Admission to Defendants are deemed admitted.

make an informed decision regarding whether to participate in this case. A proposed form of the Notice is attached to this motion as **Exhibit B**. The proposed Consent form is attached as **Exhibit C**.

Plaintiff has shown that similarly situated employees exist and has therefore exceeded his **lenient** burden applicable at this stage, making conditional certification and Notice appropriate.[2] Because recovery for Potential Plaintiffs erodes daily, the Court should authorize Notice as soon as possible.[3]

## II. REQUEST FOR CONDITIONAL CERTIFICATION AND § 216(b) NOTICE

This Motion seeks conditional certification of and supervised notice to home health aides who worked for Defendants over the last three years and who worked overtime hours for which they were not compensated at the rate of time and one-half their regular hourly rate. Plaintiffs have met the lenient standards for issuing Notice to Potential Plaintiffs.

### A. Collective Actions are Favored Under the Law

FLSA plaintiffs may bring an action on behalf of all "other similarly situated employees."[4] The law favors collective actions because they benefit the judicial system by enabling the "efficient

---

[2] *See e.g., Rousseau v. Frederick's Bistro, Ltd.*, 2010 U.S. Dist. LEXIS 34271, at *8-9 (W.D. Tex. Apr. 7, 2010) (citing to *Bernal v. Vankar Enterps., Inc.,* No. SA-07-CA-695-XR, 2008 U.S. Dist. LEXIS 22814, 2008 WL 791963, at *3 (W.D. Tex. Mar. 24, 2008)); *Oliver v. Aegis Communications Group, Inc.,* No. 3:08-cv-828, 2008 WL 7483891 (N.D. Tex. Oct. 30, 2008) (certifying companywide class of employees allegedly performing off-the-clock work in seven call centers in six states); *Ericson v. Texas Apartment Locators, Inc*. No. 3:06-cv-01431 (N.D. Tex. April 10, 2007) (Notice permitted in an off-the-clock case); *Barnett v. Countrywide Credit Industries, Inc*., No. 3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) (certifying nationwide class of employees challenging their employer's decision to classify them as exempt under the FLSA).
[3] The FLSA statute of limitations runs from the date an individual opts into the case. Consequently, for former employees who are no longer being subjected to the illegal practice, every day without Notice is a day's pay they lose forever. Plaintiffs therefore request an expedited determination of this Motion.
[4] 29 U.S.C. §216(b).

resolution in one proceeding of common issues of law and fact," and providing the chance to "lower individual costs to vindicate rights by the pooling of resources."[5]

Unlike a Rule 23 class action, plaintiffs in an FLSA collective action must affirmatively opt-in to be covered by the suit.[6] If an individual employee does not opt-in by filing a written consent, he or she will not be bound by the outcome and may bring a subsequent private action.[7] Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely Notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize distribution of the Notice.[8] "Court authorization of Notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting a cutoff date to expedite disposition of the action."[9] The Court is encouraged to allow Plaintiffs to issue Notice to Potential Plaintiffs.

### B. The Two-Stage Certification Process

Fifth Circuit courts use a two-stage approach to the issue of certification.[10] Under this approach, once the court makes the preliminary determination that Potential Plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery.[11] After conditional certification, discovery becomes relevant in regards to the merits of the case and the second step

---

[5] *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).
[6] 29 U.S.C. §216(b); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).
[7] *Equal Employment Opportunity Comm'n v. Pan Am World Airways, Inc*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990).
[8] *Hoffmann-La Roche*, 493 U.S. at 169–73 (1989) ("The broad remedial goal of the statute should be enforced to the full extent of its terms.")
[9] *Id.* at 172; *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for Notice purposes was appropriate where Plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved).
[10] *See e.g. Cantu v. Milberger Landscaping, Inc*. No. SA-13-CA-731, 2014 WL 1413500 (W.D. Tex. Apr. 3, 2014) (Hudspeth, H.) (noting that the court utilized the two-step approach to conditionally certify the class and denying defendant's motion to decertify the class).
[11] *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

in the collective action process.[12] During the second stage, the court evaluates evidence developed through discovery to test the validity of the preliminary decision made at the Notice stage.[13] Allowing early Notice and the opportunity for full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive."[14] After the Notice and opt-in period, the court will have the benefit of knowing the actual makeup of the collective action.[15] Early Notice will help this Court manage the case by enabling it to "ascertain the contours of the action at the outset."[16]

### C. Plaintiffs Are Entitled to Notice

#### 1. *The Standard for Notice is a "Lenient" One.*

Because the first step takes place prior to the completion of discovery, the standard for Notice "is a lenient one."[17] Texas federal courts have routinely recognized and applied this lenient standard in certifying collective actions.[18] Imposing a strict standard of proof at the Notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA.[19] Only at the *second stage*—after the close of discovery—does the Court make a "factual determination" as to whether the class members are similarly situated.[20] The

---

[12] *Id.*
[13] *Id.*
[14] *Sperling v. Hoffmann-LaRoche Inc.*, 118 F.R.D. 392, 406 (D. N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989).
[15] *Clarke v. Convergys Cust. Manag. Group*, 370 F. Supp. 2d 601, 605 (S.D. Tex. 2005) (Notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit).
[16] *Hoffman-La Roche*, 493 U.S. at 172–73.
[17] *Mooney*, 54 F.3d at 1214; *See Bernal*, 2008 U.S. Dist. LEXIS 22814, 2008 WL 791963, at *4 ("[t]he decision to conditionally certify a class at the Notice stage is lenient").
[18] *See e.g. Ryan*, 497 F. Supp. 2d 820; *Aguilar*, 2004 WL 2293842, at *1; *Barnett*, 2002 WL 1023161, at *2; *Barrera v. MTC, Inc.*, 2011 U.S. Dist. LEXIS 20589, at *3 (W.D. Tex. Mar. 21, 2011).
[19] *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling,* 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").
[20] *Mooney*, 54 F.3d at 1214; *Barrera*, 2011 U.S. Dist. LEXIS 20589, at *4; *Rousseau*, 2010 U.S. Dist. LEXIS 34271, at *9.

first stage's lenient standard "typically results in 'conditional certification' of a representative class" to which Notice is sent.[21]

### 2. *Plaintiffs Need Only Make Substantial Allegations.*

At the first stage of the two-stage approach, the Court determines whether Plaintiffs and potential opt-ins are "similarly situated" based on allegations in the complaint supported by sworn statements.[22] The record need only be "sufficiently developed . . . to allow court-facilitated Notice" based upon "substantial allegations"[23] or "some factual support."[24]

In the present case, Plaintiff's live Complaint alleges that Named Plaintiff, Ryan Kaiser, and other similarly situated individuals were not paid overtime premiums for their overtime hours worked. *See* Doc. 1 at ¶¶ 1-2, 17-31. The Complaint's allegations have been substantiated by Defendant's admissions, demonstrating that Plaintiff performed similar duties and worked under the same pay provisions as other individuals who have not yet been notified about the case. *See* **Exhibit A.** Plaintiff has made the "modest factual showing" for the issuance of Notice.[25]

### 3. *Plaintiff is "Similarly Situated" to Other Home Health Aides.*

Plaintiff is similarly situated to home health aides formerly or currently employed by Defendants. "To establish that employees are similarly situated, a plaintiff should show that they

---

[21] *Mooney*, 54 F.3d at 1214.
[22] *See, e.g., Bernal*, 2008 WL 791963, at *4 (noting that "at least one" of the opt-in Plaintiffs submitted an affidavit supporting the allegations); *Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab,* 214 F.R.D. at 628 (allegations in complaint); *Ballaris v Wacker Silttronic Corp.,* 2001 U.S. Dist. LEXIS 13354 at *3-5 (D. Ore. Aug. 24, 2001) (two affidavits); *De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Alba v. Madden Bolt Corporation*, No. H-02-1503 (S.D. Tex. June 5, 2002) (J. Hoyt) (one affidavit sufficient); *Loreas v. C&S Ranch*, No. L-97-30 (S.D. Tex. May 16, 1997) (J. Kazen) (one affidavit sufficient).
[23] *Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407*; see also Church v. Consolidated Freightways, Inc.,* 137F.R.D. 294 (N.D. Cal. 1991).
[24] *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).
[25] *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar."[26] Texas federal courts have formulated the similarly situated analysis as requiring plaintiffs to:

> . . . make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the Plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.[27]

The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder), Rule 42 (severance), or in Rule 23 (class actions).[28] While evidence of a single decision, policy or plan will meet the similarly situated standard,[29] a unified policy, plan, or scheme is not required to satisfy the more liberal "similarly situated" requirement of the FLSA.[30] Accordingly, "[a] court may deny a Plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the Plaintiff, and not from any generally applicable rule, policy, or practice."[31]

Courts consider across-the-board decisions to treat a discrete category of employees as not eligible for overtime as sufficient to warrant conditional certification and Notice to all those performing the same or similar work.[32] The holdings of these cases are consistent with the Supreme

---

[26] *Barnett,* 2002 WL 1023161, at *1 (quoting *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994)) (internal quotation marks and brackets omitted); *see also, Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).
[27] *Maynor v. Dow Chemical, Inc.,* 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (citing *Prater v. Commerce Equities Mgmt. Co.,* 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T-Mobile USA, Inc.,* No. H-06- 1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007).
[28] *Grayson*, 79 F.3d at 1096.
[29] *Sperling,* 118 F.R.D. at 407.
[30] *See Sperling,* 118 F.R.D. at 407; *Grayson,* 79 F.3d at 1096.
[31] *Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 (E.D. La. May 24, 2004) (citations omitted).
[32] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008) ("There is nothing unfair about litigating a single corporate decision [to classify employees as exempt] in a single collective action…"); *Patton v. Thompson Corporation*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (Notice granted because Plaintiff was classified as exempt and all other employees with the same job title were also classified as exempt*)*.

Court's pronouncement that Notice may be authorized under § 216(b) of the FLSA because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."[33]

Plaintiff in the present matter has met the lenient standard of showing the appropriateness of Notice. The Factual Background section and preliminary evidence makes clear that Plaintiff and Potential Plaintiffs are victims of the same scheme to deprive them of overtime compensation. *See* Overview & Factual Background, § I, *supra*; *see also* **Exhibit A**. As home health aides, Plaintiff and Potential Plaintiffs performed the same or similar duties and were all identified by Defendants as home health aides. *Id.* These individuals regularly worked more than 40 hours in a week during the actionable period but did not receive proper overtime compensation for hours worked due to Defendant's companywide decision not to pay its home health aides overtime premiums for overtime hours worked, thereby skirting the FLSA's overtime provisions. *Id.* The early evidence shows that the Plaintiff and Potential Plaintiffs were victimized by the same improper practice that required overtime work without overtime pay.

Because Plaintiff has demonstrated that similarly situated individuals exist who are not yet participating in this case and who may be unaware of this suit or of their rights to proceed in this forum and would likely desire to join the suit upon receiving Notice, Plaintiff has exceeded his burden to justify Notice to Potential Plaintiffs.

### III. RELIEF SOUGHT

To facilitate the Notice process, Plaintiff seeks supervised Notice to and Conditional Certification of Potential Plaintiffs. Plaintiff asks that the Court approve the proposed Notice (**Exhibit B**) that is based on Notices approved and issued in other cases. Plaintiff has also

---

[33] *Hoffmann-La Roche*, 493 U.S. at 170.

submitted a proposed Consent Form to be submitted by those wishing to join this action (**Exhibit C**) and seeks a 60-day opt-in period from the date Notice is mailed. Plaintiff also seeks an Order:

(1) requiring Defendant to disclose the names, last known addresses, email addresses, and telephone numbers of Potential Plaintiffs within seven days from the entry of an Order;

(2) providing permission to distribute the attached proposed Notice (**Exhibit B**) and Consent Forms (**Exhibit C**) to Potential Plaintiffs via mail and email; and

(3) directing Defendant to post the Notice and Consent forms at Defendant's office facility in an area that is open and conspicuous to home health aides when they report to Defendant's office.[34]

Plaintiff further requests any other relief to which he is entitled under the law.

## IV.     CONCLUSION

Because Plaintiff has met his burden of showing that similarly situated individuals exist that have not been notified about the present suit, the Court should enforce the collective action provisions of the FLSA and grant Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification.

---

[34] *Beall v. Tyler Technologies, Inc.*, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (Ward, J.) (court granted class Notice via email and later compelled the employer to produce all email addresses, both personal and work); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC.*, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (court granted circulation of class Notice via both U.S. mail and email); *Davis v. Westgate Planet Hollywood Las Vegas*, LLC, 2009 WL 4019424, *3 (D. Nev. Nov. 19, 2009); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128-29 (N.D. Cal. 2009); *Cranney v. Carriage Services, Inc.*, 2008 WL 608639, *5 (D. Nev. Feb. 29, 2008).

Respectfully Submitted:

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that movant's counsel has complied with the meet and confer requirement in LOCAL RULE CV-7(h) and this motion is opposed. Plaintiff's counsel (Corinna Chandler) and Defendants' counsel (Michael Cramer) conferred by telephone on August 17, 2018, regarding the relief sought herein and Defendants' counsel advised that Defendants are opposed to the relief sought. Plaintiff's counsel attempted to confer with Defendants' counsel again on November 2, 2018, but was unable to reach Defendants' counsel by telephone or email despite leaving a detailed message with Mr. Cramer's assistant. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Corinna Chandler*
Corinna Chandler

## CERTIFICATE OF SERVICE

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 2nd day of November 2018.

*/s/ Corinna Chandler*
Corinna Chandler