IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RYAN KAISER, on behalf of himself and others similarly situated persons, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:18-cv-341 |
| REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, | § § § § § | JURY DEMAND |
| *Defendants.* | § | |

**DEFENDANTS' RESPONSE TO MOTION FOR CONDITIONAL CERTIFICATION**

COME NOW, Defendants, REVIVAL HOME HEALTHCARE SERVICES, INC. (hereinafter referred to as "Revival") and SYLVESTER C. UDEZE, (hereinafter referred to as "Udeze" and together with Revival, "Defendants") and file this their Response to Motion For Conditional Certification, (hereinafter referred to as the "Motion") and would respectfully show the Court the following:

### I. NATURE OF THIS SUIT

1. Defendants admit that this lawsuit has been initiated under the Fair Labor Standards Act, ("FLSA"). Defendant admits that the Plaintiff, RYAN KAISER was formerly employed with Defendant REVIVAL HOME HEALTHCARE SERVICES, INC. as a home health aide, however Defendants deny that Plaintiff or any other employee was not paid overtime if they worked more than 40 hours a week.

2. In Defendants Answer to this Complaint, Defendants deny all the allegations contained in the Complaint that allege that any of Defendants current or former employees

worked more than 40 hours in a workweek and were not paid overtime pay for said work. thereof.

3. Plaintiff relies exclusively on deemed admissions to support his Motion. Defendants have filed a Motion To Withdraw Deemed Admissions as their failure to timely respond to Request For Admissions was an accident or mistake and was not intentional nor the result of conscious indifference. The withdrawal or amendment of the deemed admission would promote the presentation of the merits of the action and would not prejudice Plaintiff in any way.

4. Plaintiff claims that there are other employees of Defendant that are similarly situated, however that is not the case. In the instant case, Plaintiff was assigned to work at his family's residence and routinely had family members log him into Defendant's time clock program when Plaintiff was not on the premises and/or was napping and not providing services on Defendant's behalf. As such, there are no other past or current employees of Defendants that are similarly situated to Plaintiff.

5. In stark contrast to the Motion based on deemed admissions, Defendants previously denied the following paragraphs of Plaintiff's Complaint: Paragraph 19, Paragraph 20, Paragraph 21, Paragraph 22, Paragraph 23, Paragraph 27, Paragraph 28, Paragraph 29, Paragraph 30, Paragraph 31, Paragraph 35, Paragraph 36, Paragraph 37, Paragraph 38, Paragraph 41, Paragraph 42, Paragraph 43, Paragraph 46, Paragraph 47, Paragraph 48, Paragraph 49 and Paragraph 50.

## VI. PRAYER

WHEREFORE, Defendants respectfully pray (1) that the Court deny Plaintiff's request to proceed as a collective action under the FLSA, (2) that the Court enter a take nothing judgment on all Plaintiff's claims and Plaintiff does not receive his costs of court, or alternatively; (3) for such other and further relief, both general and specific, to which they may be justly entitled.

Respectfully submitted,

THE CRAMER LAW GROUP

By:  /S/ MICHAEL R. CRAMER
Michael R. Cramer
Texas State Bar Number: 00790526
603 White Hills Drive
Rockwall, Texas 75087
Telephone: 972-682-9902
Facsimile: 972-767-3262
Michael@MrcTexLaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2018 I electronically filed the foregoing with the clerk of the Court using the CM/ECF system that will send notice of the electronic filing to all parties of record.

/S/ MICHAEL R. CRAMER
Michael R. Cramer