**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, § § § *Plaintiff,* § § § v. § § REVIVAL HOME HEALTHCARE § SERVICES, INC. and SYLVESTER C. § UDEZE, § § § *Defendants.* § | CIVIL ACTION NO. 4:18-cv-00341-ALM |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO WITHDRAW ADMISSIONS**

Plaintiff, Ryan Kaiser, on behalf of himself and all others similarly situated, responds to Defendants' Motion to Withdraw Admissions (Doc. 12) and respectfully shows the Court as follows:

### I.     FACTUAL BACKGROUND

Plaintiff's First Set of Requests for Admission to Defendants ("Plaintiff's Requests for Admission") was served on Defendants' counsel on September 28, 2018. Defendants' response was due on October 29, 2018. On November 2, 2018, Plaintiff filed his First Stage Motion for Notice to Potential Plaintiffs & Conditional Certification ("Motion for Conditional Certification") (Doc. 11), relying on deemed admissions as evidence in support of that motion. Defendants filed their Motion to Withdraw Admissions (Doc. 12) on November 15, 2018, explaining that they failed to timely respond to Plaintiff's Requests for Admission because "Defendants did not understand the due date of said discovery responses and certainly did not understand that if they missed the

response date for the Request for Admissions, that they would be deemed admitted against their interests." *See* Doc. 12 at 1.

Defendants have similarly disregarded their discovery obligations at every opportunity in this case. Defendants served their initial disclosures on Plaintiff's counsel on August 28, 2018, and noted that "[a]ll relevant payroll information in Defendants' possession, custody, or control will be provided to Plaintiff's counsel post haste." To date, Defendants have not produced a single document, although all relevant documents regarding Defendants' pay practices and payroll records are in Defendants' possession, custody, or control and the Order Governing Proceedings (Doc. 5) and Local Rule CV-26(d) require production of all documents "that are relevant to the claim or defense of any party."

On September 18, 2018, Plaintiff's counsel specifically requested that Defendants produce the documents that should have accompanied their initial disclosure and, as has been customary in this case, received no response from Defendants' counsel. *See* Emails attached as Exhibit A hereto. On September 28, 2018, Plaintiff's counsel served Plaintiff's Requests for Admission and First Request for Production on Defendants, and again reminded Defendants that Plaintiff still had not received the documents related to Defendants' initial disclosures. *See id.* Again, Defendants disregarded Plaintiff's request to produce the initial disclosure documents. As of the filing of this response, Defendants still have not produced any documents or responded to Plaintiff's written discovery, other than by filing a proposed response to Plaintiff's Requests for Admission as an exhibit to Defendants' motion (*see* Doc. 12-1).

## II. ARGUMENT & AUTHORITIES

Defendants' explanation for their failure to timely respond to Plaintiff's Requests for Admission is that "Defendants did not understand the due date of said discovery responses and

certainly did not understand that if they missed the response date for the Request for Admission, that they would be deemed admitted against their interest." Defendants, however, have been represented by counsel since they filed their Original Answer (Doc. 4) on June 5, 2018. Defendants' counsel should be well-acquainted with Fed. R. Civ. P. 36.[1] Additionally, the opening paragraph of Plaintiff's Requests for Admission refers Defendants to Rule 36 and states that the response is due "within thirty (30) days." *See* Doc. 10-1 at 1.

Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . ." Rule 36(b) additionally states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended" and makes clear that the decision is entirely discretionary if allowing the withdrawal or amendment "would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party." Thus, even if the Defendants can persuade the Court that allowing them to withdraw or amend the admissions would promote the presentation of the merits of the action and that Plaintiff would not be prejudiced, the Court may still deny Defendants' motion. *See, e.g., Powerhouse Productions, Inc. v. Widgery*, 2008 WL 4331480 at *1 (E.D. Tex. Sept. 17, 2008) (Schell, J.).

In *Widgery*, Judge Schell found that the party seeking the withdrawal of deemed admissions satisfied both prongs of the test articulated in Rule 36(b), but nevertheless denied the motion, noting that "[t]he circumstances surrounding the Plaintiffs' deemed admissions warrant denying their withdrawal for several reasons." *Id.* at *2. The movants in that case also "argue[d]

---

[1] Tex. R. Civ. P. 198 contains similar provisions, requiring a response within 30 days, and providing for deemed admissions in the absence of a timely response.

that they were unaware of the deadlines." *Id.* Judge Schell found that argument "unconvincing" and added that "appearing *pro se* is not a license to avoid deadlines or to disregard the rules of civil procedure." The Defendants in the instant case, of course, are not *pro se* and have articulated no valid reason to avoid deadlines or otherwise disregard the rules as they have repeatedly done. Therefore, the Court should similarly find the argument that Defendants did not understand the deadline or the effect of deemed admissions unconvincing.

The Court need not reach that analysis, however, because the Defendants did not bother to address the second prong of the Rule 36(b) test. Defendants do not dispute that Plaintiff would be prejudiced if the Court allows Defendants to withdraw or amend their admissions. Defendants have repeatedly failed and refused to produce documents and other information to Plaintiff, causing Plaintiff to rely entirely on deemed admissions to support Plaintiff's Motion for Conditional Certification. Allowing Defendants to withdraw the deemed admissions would prejudice Plaintiff by either causing Plaintiff's Motion for Conditional Certification to be denied or causing the Court to modify the scheduling order, delaying the case for several months while Plaintiff attempts to obtain discovery from Defendants who have repeatedly demonstrated their unwillingness to comply with their discovery obligations. Potential opt-in plaintiffs would also be prejudiced by such a delay because their limitations period is tolled only from the date on which they file their opt-in consent forms. *See* 29 U.S.C. § 256. Most collective action members will not have knowledge of the case and consequently will not be able to file opt-in consent forms until after they receive that court-approved notice. *See Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169-171 (1989). Therefore, any delay in ruling on conditional certification will prejudice collective action members by depriving them of the ability to recover damages owed to them.

A brief review of Defendants' proposed responses to Plaintiff's Requests for Admission further illustrates Defendants' obfuscation and dilatory conduct. *See* Doc. 12-1. For example, response to Requests for Admission Nos. 1-3, Defendants indicate that they are unable to admit or deny whether their payroll records reflect that Plaintiff worked overtime or whether he was paid an overtime premium when he did. *See* Doc. 12-1 at 3. But in response to Request for Admission No. 4, Defendants would admit that they "never compensated [Plaintiff] at a rate of 1.5 times his regular hourly rate for any hours worked." *See id.* These responses are inconsistent. If Defendants never compensated Plaintiff at a rate of 1.5 times his regular hourly rate, they would have to either deny that he worked overtime or admit that they did not compensate him at 1.5 times his regular hourly rate for overtime hours worked. If allowed to withdraw or amend their admissions, the Defendants would also deny that they were aware of the requirement to pay overtime premiums to home health aides prior to November of 2017. *See* Doc. 12-1 at 5 (Request for Admission No. 19). But the Defendants claim to lack information to admit or deny that they were aware of the overtime pay requirement before February of 2016. *See id.* (Request for Admission No. 18). These responses are irreconcilable.

Other obvious inconsistencies include the following: In response to Request for Admission No. 8, Defendants would deny that other home health aides worked overtime. *See id.* at 3-4. In response to Request for Admission No. 15, Defendants would admit that they "requested reimbursement from Medicare or Medicaid for overtime hours worked by home health aides." *See id.* at 4-5. In response to Request for Admission No. 17, Defendants would admit that they "received compensation from Medicare or Medicaid for overtime hours worked by or paid to home health aides." *See id.* at 5. And in response to Request for Admission No. 16, Defendants would deny that they "requested reimbursement from Medicare or Medicaid for overtime hours paid to

[Plaintiff]." *See id.* If Defendants did not request reimbursement from Medicare or Medicaid for overtime hours paid to Plaintiff, they must have requested reimbursement for overtime hours worked by or paid to other home health aides. This means that either Defendants' proposed response to Request for Admission No. 8 is untruthful, or Defendants made fraudulent Medicare/Medicaid claims.

### III. CONCLUSION

Because granting Defendants' motion would prejudice Plaintiff and potential opt-in plaintiffs, and because Defendants have failed to articulate a legitimate reason for their failure to timely respond to Plaintiff's Requests for Admission and have repeatedly and continuously failed to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court, Plaintiff asks the Court to deny Defendants' Motion to Withdraw Admissions. "A party should not be allowed to ignore deadlines imposed by the federal rules and use that circumstance to justify beginning the litigation anew." *Widgery*, 2008 WL 4331480 at *3.

Respectfully Submitted:

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com
ATTORNEY FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 26th day of November 2018.

*/s/ Corinna Chandler*
Corinna Chandler