**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated,  §§§§  *Plaintiff,*  §  v.  §§  REVIRAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, §§§§§  *Defendants.*  § | CIVIL ACTION NO. 4:18-cv-00341-ALM |

**PLAINTIFF'S REPLY IN SUPPORT OF
<u>MOTION FOR CONDITIONAL CERTIFICATION</u>**

Plaintiff, Ryan Kaiser, on behalf of himself and all others similarly situated, submits this reply in support of his First Stage Motion for Notice to Potential Plaintiffs & Conditional Certification ("Motion for Conditional Certification") (Doc. 11).

For the reasons articulated more fully in Plaintiff's Response to Defendants' Motion to Withdraw Admissions (Doc. 14), filed concurrently herewith and incorporated herein by reference, the Court should not allow Defendants to withdraw or amend their deemed admissions. Furthermore, because admissions are "conclusively established," pursuant to Fed. R. Civ. P. 36(b), Defendants' attempt to refute those admissions by pointing to contradictory denials in Defendants' Original Answer should be unavailing.

Furthermore, Defendant's allegation that Plaintiff "routinely had family members log him into Defendant's time clock program when Plaintiff was not on the premises and/or was napping" is not supported by any evidence. Such bare (and baseless) allegations are not evidence. Additionally, assuming, *arguendo*, that Defendant's allegation had any evidentiary value, it does

not refute the existence of similarly situated employees. Even in their proposed amended response to Plaintiff's Requests for Admission, attached as Exhibit A to Defendants' Motion to Withdraw Admissions, Defendants would admit they employed other home health aides during the relevant period. *See* Doc. 12-1 at 3 (Request for Admission No. 7). And the combination of Defendants' proposed responses to Requests for Admission No. 15, 16, and 17 indicates that other home health aides worked overtime, as more fully explained in Plaintiff's Response to Defendants' Motion to Withdraw Admissions (Doc. 14). *See id.* at 4-5. Thus, the Court could conclude, even based on Defendants' proposed amended response to Plaintiff's Requests for Admission, that other similarly situated persons exist and should receive notice of this action.

As set forth above, and in Plaintiff's Motion for Conditional Certification, Plaintiff has met his burden of showing that similarly situated individuals exist that have not been notified about the present suit, and Plaintiff asks the Court to enforce the collective action provisions of the FLSA and grant Plaintiff's Motion for Conditional Certification.

Respectfully Submitted:

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 26th day of November 2018.

*/s/ Corinna Chandler*
Corinna Chandler