# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **RYAN KAISER, on behalf of himself and** §<br>**others similarly-situated** §<br>§<br>**V.** §<br>§<br>**REVIVAL HOME HEALTHCARE** §<br>**SERVICES, INC. and SYLVESTER C.** §<br>**UDEZE** § | **Civil Action No.  4:18CV341**<br>**Judge Mazzant/Magistrate Judge Craven** |

---

## <u>ORDER</u>

---

The above-referenced case was referred to the undersigned United States Magistrate Judge

for pretrial purposes in accordance with 28 U.S.C. § 636.  The following pending motion is before

the Court:

**Defendants' Motion to Withdraw Admission (Docket Entry # 12).**

The Court, having reviewed the motion and the response, is of the opinion the motion should be

**DENIED.**

## I. BACKGROUND

This is a wage-and-hour case brought under the Fair Labor Standards Act ("FLSA"). Plaintiff

seeks the recovery of overtime wages he claims Defendants failed to pay him and other similarly

situated employees in violation of the FLSA.

Plaintiff's First Set of Requests for Admission to Defendants ("Plaintiff's Requests for

Admission") was served on Defendants' counsel on September 28, 2018. Defendants' response was

due on October 29, 2018, but no response was given. On November 2, 2018, Plaintiff filed his First

Stage Motion for Notice to Potential Plaintiffs & Conditional Certification ("Motion for Conditional

Certification") (Docket Entry # 11), relying on deemed admissions as evidence in support of that motion.

## II. DEFENDANTS' MOTION TO WITHDRAW

Defendants filed their current Motion to Withdraw Admissions on November 15, 2018, asserting they failed to timely respond to Plaintiff's Requests for Admission because "Defendants did not understand the due date of said discovery responses and certainly did not understand that if they missed the response date for the Request for Admissions, that they would be deemed admitted against their interests." *See* Docket Entry #12 at 1. The motion states Defendants' failure to timely respond was not intentional or the result of conscious indifference but was an accident or mistake. *Id.* Defendants seek to withdraw the deemed admissions and substitute the Response to Requests for Admissions attached as Exhibit A to Defendants' motion.

## III.  APPLICABLE LAW

Federal Rule of Civil Procedure 36(a) allows any party to request from its adversary the admission of "a broad range of matters, including ultimate facts, as well as applications of law to fact." *Powerhouse Prods., Inc. v. Widgery*, No. 4:07-CV-071, 2008 WL 4331480, at *1 (E.D. Tex. Sept. 17, 2008) (quoting *Carney v. IRS (In re Carney),* 258 F.3d 415, 419 (5th Cir.2001)). Pursuant to Rule 36(a)(3), a matter is admitted unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party of its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.  *Id*. If the responding party does not timely serve answers or objections to the request, the matters in the request are admitted as a matter of law. *Id.*  They are deemed admitted automatically. *Id.*

2

A party may move that the court permit withdrawal or amendment of admissions deemed against it.   FED. R. CIV. P. 36(b). "Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Under Rule 36(b), the decision to excuse the defendant from its admissions is in the court's discretion. "[T]he court *may permit* withdrawal [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." FED. R. CIV. P.  36(b) (emphasis added).

Thus, the court has the power to make exceptions to the rule only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result. Because the language of the rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. *In re Carney*, 258 F.3d at 419 (quoting *Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)).

## IV. DISCUSSION

Defendants do not dispute they failed to timely respond to Plaintiffs' discovery requests. Once they failed to timely respond to Plaintiffs' discovery requests, the requests for admissions were deemed admitted. In their motion, Defendants assert there is a good faith dispute as to the truth of

several matters made the subject of the deemed admissions and further assert the presentation of the merits of this action will be served by withdrawal of the deemed admissions.

Plaintiff opposes the motion, asserting Defendants have disregarded other discovery obligations in this case, including failing to produce initial disclosures. Docket Entry # 14 at 2. Plaintiff asserts he will be prejudiced by withdrawal of the admissions because it would either cause Plaintiff's Motion for Conditional Certification to be denied or cause the Court to modify the scheduling order, "delaying the case for several months while Plaintiff attempts to obtain discovery from Defendants who have repeatedly demonstrated their unwillingness to comply with their discovery obligations." *Id*. at 4. According to Plaintiff, any delay in ruling on conditional certification will also prejudice potential opt-in plaintiffs by depriving them of the ability to recover damages owed to them. *Id.* ("Potential opt-in plaintiffs would also be prejudiced by such a delay because their limitations period is tolled only from the date on which they file their opt-in consent forms. *See* 29 U.S.C. § 256. Most collective action members will not have knowledge of the case and consequently will not be able to file opt-in consent forms until after they receive that court-approved notice.").

While the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: (1) the presentation of the merits must be aided by allowing withdrawal or amendment; and (2) the party that obtained the admissions must not be prejudiced in its presentation of the case by the withdrawal. In making the first assessment, a court should consider whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case; whether the admission is contrary to the record of the case; whether the admission

is no longer true because of changed circumstances; and whether a party has made an honest error. *Widgery*, 2008 WL 4331480, at \*2. The fault of the party requesting withdrawal is also a relevant consideration. *Id.* The second prong of the Rule 36(b) test requires the court to consider special difficulties a party may face by a sudden need to obtain evidence upon the withdrawal or amendment of an admission. *Id.* (citing *American Auto.*, 930 F.2d at 1120).

Here, the Court concludes the Rule 36(b) test has not been satisfied. Defendants have not provided a satisfactory explanation as to why they did not respond to the Request for Admissions within the time prescribed by Rule 36(a). Although the motion asserts Defendants did not understand the due date or the importance of timely responding, Defendants are represented by counsel. As noted by courts within the Fifth Circuit, "[f]or our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure." *In re Skyport Glob. Commc'ns, Inc.*, 408 B.R. 687, 698 (Bankr. S.D. Tex. 2009) (citing *Carney v. IRS (In re Carney)*, 258 F.3d 415, 421-22 (5th Cir. 2001) (noting that Rule 36 is a hard and fast rule and that the Fifth Circuit "has affirmed a grant of summary judgment based on default admissions coupled with a district court's denial of a request to withdraw those admissions).

The Court is not convinced the denial to withdraw admissions would have the practical effect of eliminating presentation on the merits. Further, "any possible prevention of a presentation on the merits is outweighed by the prejudice to [Plaintiff]." *Clement Grp., LLC v. ETD Servs., LLC*, No. 4:16-CV-00773, 2018 WL 453885, at \*8 (E.D. Tex. Jan. 17, 2018), *reconsideration denied*, No. 4:16-CV-00773, 2018 WL 3820176 (E.D. Tex. Aug. 10, 2018). Importantly, Defendants do not dispute that Plaintiff would be prejudiced if the Court allows Defendants to withdraw their admissions. According to Plaintiff, Defendants have repeatedly failed and refused to produce

documents and other information to Plaintiff, causing Plaintiff to rely entirely on deemed admissions to support Plaintiff's Motion for Conditional Certification.

Even if Defendants had persuaded the Court that allowing them to withdraw the admissions would promote the presentation of the merits of the action and that Plaintiff would not be prejudiced, the Court would still deny Defendants' motion. *See, e.g. Widgery*, 2008 WL 4331480 at *1.  In *Widgery*, Judge Schell found the party seeking the withdrawal of deemed admissions satisfied both prongs of the test articulated in Rule 36(b), but nevertheless denied the motion, noting "[t]he circumstances surrounding the Plaintiffs' deemed admissions warrant[ed] denying their withdrawal for several reasons." *Id.* at *2.

Among other things, the movants in the *Widgery* case "argue[d] that they were unaware of the deadlines." *Id.* Judge Schell found that argument "unconvincing" and added that "appearing *pro se* is not a license to avoid deadlines or to disregard the rules of civil procedure."  The court further noted the plaintiffs had "done very little in preparing their case or in participating with the [d]efendants in the preparation of their defense to the extent required by the federal rules." *Id*. at *3. Although Defendants in this case are represented by counsel, Plaintiff asserts Defendants have articulated no valid reason to avoid deadlines or otherwise disregard the rules as they have repeatedly done.

As noted above, even if the Rule 36(b) requirements were satisfied in this case, which they are not, the Court may use its discretion in granting a motion to withdraw.  Based on this set of facts, the Court, in its discretion, finds the motion should be denied.

Accordingly, it is

**ORDERED** that Defendants' Motion to Withdraw Admission (Docket Entry # 12) is

**DENIED.**

**SIGNED this 2nd day of January, 2019.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE