**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, § § § *Plaintiff,* § § v. § § REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. § UDEZE, § § *Defendants.* § | CIVIL ACTION NO. 4:18-cv-00341-ALM |

**PLAINTIFF'S MOTION TO COMPEL DOCUMENT PRODUCTION
FROM DEFENDANTS AND BRIEF IN SUPPORT**

Plaintiff files this Motion to Compel Document Production from Defendants and respectfully shows the Court as follows:

**I.    OVERVIEW & FACTUAL BACKGROUND**

On May 10, 2018, Plaintiff filed his Original Complaint (Doc. 1). Defendants filed their Original Answer on June 5, 2018 (Doc. 4). The Court entered its Order Governing Proceedings on July 24, 2018, setting an August 24, 2018, deadline for the exchange of initial disclosures (Doc. 5). Defendants served their initial disclosures on Plaintiff's counsel on August 28, 2018, and noted that "[a]ll relevant payroll information in Defendants' possession, custody, or control will be provided to Plaintiff's counsel post haste." But no such documents have ever been produced.

On September 18, 2018, Plaintiff's counsel specifically requested that Defendants produce the documents that should have accompanied their initial disclosure and, as has been customary in this case, received no response from Defendants' counsel. *See* Emails attached as Exhibit A hereto. On September 28, 2018, Plaintiff's counsel served Plaintiff's Requests for Admission and First

Request for Production on Defendants, and again reminded Defendants that Plaintiff still had not received the documents related to Defendants' initial disclosure. *See id.* Again, Defendants disregarded Plaintiff's request to produce the initial disclosure documents.

Defendants failed to respond to Plaintiff's Requests for Admission and First Request for Production, so Plaintiff filed his First Stage Motion for Notice to Potential Plaintiffs & Conditional Certification ("Motion for Conditional Certification") (Doc. 11) on November 2, 2018, based on deemed admissions.[1] On November 15, 2018, Defendants filed a Motion to Withdraw Admissions (Doc. 12), and in response thereto Plaintiff detailed Defendants' failure to comply with their discovery obligations (*see* Doc. 14). Still, Defendants failed or refused to respond to Plaintiff's First Request for Production or produce any documents. On January 24, 2019, Plaintiff's counsel again reminded Defendants' counsel that Defendants "still have not produced any documents either in response to our requests for production or as required by the local rules and scheduling order applicable to this case." *See* Emails attached as Exhibit B hereto.

The parties conferred by telephone about Defendants' failure to comply with their discovery obligations on February 7, 2019, and Defendants finally served their Response to Request for Production on February 7, 2019, indicating that "[a]ll responsive documents are attached, if any exist." *See* Defendants' Response to Request for Production attached as Exhibit C hereto. However, the only documents Defendants produced are plaintiff's annual earnings report and forms indicating that plaintiff (and some other employees) picked up their paychecks. *See*

---

[1] Contrary to Defendants' argument during the February 27, 2019, hearing on Plaintiff's Motion for Conditional Certification, "any matter admitted under rule 36(a) is conclusively established." *See Dukes v. S. Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985). "This conclusive effect applies equally to those admissions made affirmatively and those established by default." *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Sample Check Pick Up Form attached as Exhibit D hereto. Plaintiff's counsel again reminded Defendants' counsel, during the February 27, 2019, hearing on Plaintiff's Motion for Conditional Certification, that Defendants still have not produced responsive documents, including time keeping and payroll records for Plaintiff. However, to date, no other responsive documents have been produced to Plaintiff.

## II. ARGUMENT AND AUTHORITIES

The Court's Order Governing Proceedings (Doc. 5) clearly states that the parties must produce, as part of the initial mandatory disclosure, "[a] copy of all documents . . . in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." Local Rule CV-26(d) further defines what is "relevant to the claim or defense of any party." The documents sought by Plaintiff are well within that definition.

Furthermore, under Rule 34(b)(2), Defendants were required to respond to Plaintiffs' First Request for Production within 30 days of being served with the requests – that deadline was October 29, 2018. Defendants did not respond to these requests until February 7, 2019, well after the deadline, and therefore waived all objections. And Defendants did not assert any objections. *See* Exhibit C. Therefore, Plaintiff asks this Court to compel Defendants to promptly produce all responsive documents.

## III. CONCLUSION

Because Defendants have repeatedly ignored their discovery obligations, Plaintiff respectfully asks this Court to order Defendants to produce all documents responsive to Plaintiff's First Request for Production and any other documents "relevant to the claim or defense of any party."

Respectfully Submitted:

By: */s/ Corinna Chandler*
    Corinna Chandler
    Texas Bar No. 24061272
    Chandler Law, P.C.
    3419 Westminster #343G
    Dallas, Texas 75205
    972-342-8793
    972-692-5220 (fax)
    chandler@chandlerlawpc.com

    ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that movant's counsel has complied with the meet and confer requirement in LOCAL RULE CV-7(h) and this motion is opposed. Plaintiff's counsel (Corinna Chandler) and Defendants' counsel (Michael Cramer) conferred by email and telephone on numerous occasions, as described more fully above, and in person on February 27, 2019, regarding the relief sought herein and have been unable to resolve this dispute. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

    */s/ Corinna Chandler*
    Corinna Chandler

## CERTIFICATE OF SERVICE

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 5th day of March 2019.

    */s/ Corinna Chandler*
    Corinna Chandler