**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **RYAN KAISER, on behalf of himself and others similarly situated persons,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | Civil Action No. 4:18-cv-341- ALM |
| **REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE,** | § § § § § | |
| *Defendants.* | § | |

<u>**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE ON PLAINTIFF'S FIRST STAGE MOTION FOR NOTICE TO POTENTIAL PLAINTIFF'S AND CONTITIONAL CERTIFICATION**</u>

Corinna Chandler
CHANDLER LAW, PC
3419 West Minster, Suite 343G
Dallas, Texas 75205
chandler@chandlerlawpc.com
Tel. (972) 342-8793
Fax. (972) 692-5220

**COUNSEL FOR PLAINTIFF**

## INTRODUCTION

Defendants REVIVAL HOMES HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE's ("Defendants") objections arise from a Report and Recommendation of the Magistrate Judge on Plaintiff's First Stage Motion for Notice to Potential Plaintiff's and Conditional Certification (Doc. 20), resulting in the granting of Plaintiff's Motion for Conditional Certification Defendants filed a Motion to Withdraw Admissions (Doc. 12) moving the Court for an Order permitting withdrawal of admissions deemed as a result of certain requests for admissions and for permission to file a response to those requests.   Defendant's Motion to Withdraw Admissions has been denied by Magistrate Craven.    Plaintiff's Motion for Conditional Certification was granted solely based on the deemed admissions, without Plaintiff providing any actual evidence to support its baseless allegations. Defendants hereby request reconsideration of Plaintiff's Motion by Hon. Judge Amos L. Mazzant.

## FACTUAL AND PROCEDURAL HISTORY

In Plaintiff's Original Collective Action Complaint (Doc. 1), Plaintiff states that he brought this collective action pursuant to the Fair Labor Standards Act of 1938, and all similarly-situated, who were formally or are currently employed by Defendants as home health aides and were not paid overtime for all hours worked in excess of 40 hours a week as required by 29 U.S.C. § 207 (a). *see*. 29 U.S.C. § 216 (b).

Defendants filed their Original Answer (Doc. 4) admitting that this lawsuit has been initiated under the Fair Labor Standards Act, ("FLSA") and that Plaintiff was formerly employed with Defendant REVIVAL HOME HEALTHCARE SERVICES, INC., as a home health aide, however, Defendants have denied that Plaintiff or any former or current employee was not paid overtime if they worked more than 40 hours a week.   Additionally, in Defendant's Original Answer,

Defendants have denied all of the allegations made in Paragraphs 1-50 of Plaintiff's Original Collaborative Action Complaint and have demanded strict proof thereof.

Plaintiff served its Requests for Admissions on Defendants' Counsel on September 28, 2018. Defendants' responses were due on October 29, 2018. For the reasons more articulated in Defendants' Motion to Withdraw Admissions (Doc. 12), Defendant's did not timely respond to Plaintiff's Requests for Admissions resulting in deemed Admissions against Defendants' interest. Defendant's failure to timely respond was not intentional, or the result of conscious indifference, but was an accident or mistake.

On November 2, 2018 Plaintiff filed his First Stage Motion for Notice to Potential Plaintiffs & Conditional Certification ("Motion for Conditional Certification") (Doc. 11) relying solely on Defendants' deemed admissions to support his Motion. Plaintiff has alleged that there are other employees of Defendant that are similarly situated, however that is not the case. In the instant case, Plaintiff was assigned to work at his family's residence and routinely had family members log him into Defendant's time clock program when Plaintiff was not on the premises and/or was napping and not providing services on Defendant's behalf. Plaintiff's allegations that there are other employees of Defendant that are similarly situated are false, there are no other past or current employees of Defendants that are similarly situated to Plaintiff.

Defendants request that the Court reconsider the Magistrate Craven's ruling on Plaintiff's Motion based solely on Deemed Admissions as their failure to timely respond to Request For Admissions was an accident or mistake and was not intentional nor the result of conscious indifference. The withdrawal or amendment of the deemed admission would have promoted the presentation of the merits of the action and would not have prejudiced Plaintiff in any way or any potential opt-in Plaintiffs because none exist as alleged by Plaintiff.

There is ample opportunity to conduct such other discovery as necessary to present the merits

of this case.   The presentation of the merits of this action will be served by denying Plaintiff's Motion that was supported by nothing except deemed admissions.   Defendants will show that there is a good faith dispute as to the truth of the several matters made the subject of the deemed admissions and that for justice to be done, these issues should be determined by the preponderance of credible evidence.   Defendants will also show that most of the issues inadvertently deemed admitted were previously denied by Defendants in their Original Answer.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) sets forth the standard of review applicable to Defendants' appeal of the Magistrate Order. Rule 72(a) provides, in pertinent part, that "[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review- de novo for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson–Pilot Life Ins. Co. v. Bellows*, Civ. A. 3:02-CV-1992, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id*. "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id*. Here, Defendants object to the conclusions of law set forth in the Magistrate Order, clear error of fact findings and abuse of discretion, thereby triggering a *de novo* standard of review. *Id.*

APPENDIX

In support of these objections, Defendants submits the following appendix of exhibits, which

is attached hereto and incorporated by reference for all purposes:

| Tab | Document Description | Date |
|-----|---------------------|------|
| A | Defendant's Original Answer (ECF 4) | |
| B | Motion to Withdraw Admissions (ECF 12) | |
| | | |
| | | |
| | | |

ARGUMENT

### 1. As a matter of law, the Magistrate erred by granting Plaintiff's Motion based solely on deemed admissions.

The Magistrate found Plaintiff's requests was supported solely on deemed admissions.

Plaintiff failed to provide any evidence that there were others similarly situated to Plaintiff.

Plaintiff provided home health services for his family and committed fraud by having family

members log into Defendant's computer system when Plaintiff was not in fact, providing any

services.  In some instances Plaintiff was napping on the couch, but had logged into the system

indicating that he was performing services.  Defendants had a legitimate dispute concerning

Plaintiff's hours.  Defendant states emphatically that there are no other potential Plaintiffs similarly

situated.

Here, the Magistrate erred by relying upon the baseless allegations and only deemed

admissions in granting Plaintiff's Motion.  Specifically, the Magistrate erred by (i) granting

Plaintiff's Motion based on baseless allegations and deemed admissions; and (ii) ignoring the

multitude of denials in Defendant's Original Answer. The Magistrate Order should be vacated in

its entirety. At a minimum, as a matter of law, the Magistrate erred by ruling on matters not

supported by the evidence.  Alternatively, the Magistrate abused her discretion by ruling on matters

not supported by evidence.

### CONCLUSION

Defendants hereby respectfully request that this Court grant Defendants' Objections to the

Magistrate Order (Doc 20) and vacate the Magistrate Order.

Respectfully submitted

**THE CRAMER LAW GROUP**

By: /s/   *Michael R. Cramer*
    Michael R. Cramer
    State Bar No. 00790526
    Michael@MrcTexLaw.com
    603 White Hills Drive
    Dallas, Texas 75087
    Telephone:  (972) 682-9920
    Facsimile:  (972) 767-3262

**ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served on all counsel of record in compliance with the Federal Rules of Civil Procedure on this the 26th day of March 2019.


*/s/   Michael R. Cramer*
Michael R. Cramer