# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **RYAN KAISER, on behalf of himself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:18-cv-00341** |
| **v.** | § § | **Judge Mazzant/Magistrate Judge Craven** |
| **REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE,** | § § § § | |
| *Defendants* | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636.  On March 12, 2019, the Magistrate Judge issued a Report and Recommendation, recommending Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (Dkt. # 11) be granted. Defendants Revival Home Healthcare Services, Inc. and Sylvester C. Udeze ("Defendants") filed objections to the Report and Recommendation.  The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## FACTUAL BACKGROUND

This is a collective action for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq*.  Plaintiff Ryan Kaiser ("Plaintiff") and potential opt-in plaintiffs are current and former home health aides employed by Defendants. Plaintiff alleges Plaintiff and potential opt-in plaintiffs were (1) compensated on an hourly basis for on-the-clock hours worked, (2) required to

work in excess of 40 hours in certain workweeks between September 1, 2015, and the present, and (3) not paid overtime premiums for on-the-clock overtime hours worked. According to Plaintiff, these similarly situated employees and former employees of Defendants worked overtime but did not receive overtime compensation for their overtime work. (Dkt. # 1, ¶¶ 1-2, 17-31).

According to the complaint, Plaintiff was employed by Defendant as a home health aide, providing companionship services, from February 2016 to November 2017, and he regularly worked more than forty hours a week during that time. *Id.*, ¶ 4. Plaintiff alleges the "precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants." *Id.*, ¶ 7. Under the "Collective Action Allegations" section of the complaint, Plaintiff alleges the "number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may be easily and quickly notified of the pendency of this action. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices." *Id.*, ¶ 36.

According to the complaint, potential collective action members may be informed of this pendency of this collective action through direct mail, email, and office posting. *Id.*, ¶ 37. Plaintiff states he is aware of current and former employees of the Defendants that have been affected by the Defendants' policies and practices complained of in this action. *Id.* Plaintiff alleges Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. *Id.*, ¶ 38. Thus, according to the complaint, Plaintiff and the other home health aides are similarly situated employees. *Id.* Plaintiff alleges the specific job titles or precise job requirements

2

of the similarly situated employees do not prevent collective treatment; all employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate; and, although the issue of damages may be individual in character, "there is no detraction from the common nucleus of liability facts." *Id.*

Plaintiff further alleges there are questions of fact and law common to the class that predominate over any questions affecting only individual members. *Id.*, ¶ 39. According to the complaint, the questions of fact and law common to the class arising from Defendants' actions include, without limitation, the following: (1) whether Plaintiffs were covered non-exempt hourly employees; (2) whether Plaintiffs were compensated for all hours worked; (3) whether Plaintiffs worked more than 40 hours per week; (4)whether Plaintiffs were compensated at 150% of their regular rate for all hours worked in excess of 40 hours in any and all weeks; (5) whether Defendants' practices accurately account for the time Plaintiffs actually were working; (6) whether Defendants' compensation policy and practice is illegal; and (7) whether Defendants had a policy and practice of willfully failing to compensate employees for overtime. *Id.* Plaintiff alleges these common questions "predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims." *Id.*, ¶ 40.

Plaintiff further alleges his claims are "typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative and reported to the same managers." *Id.*, ¶ 41. Plaintiff alleges a collective action is the appropriate method for the fair and efficient adjudication of this controversy because the

3

presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of collective action members to protect their interests. *Id*., ¶ 42. In addition, Plaintiff alleges the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, whereas a single collective action can determine, with judicial economy, the rights of all collective action members. *Id*., ¶ 43.

## PROCEDURAL BACKGROUND

On September 28, 2018, Plaintiff served his First Set of Requests for Admission to Defendants ("Plaintiff's Requests for Admission"). Defendants' response was due on October 29, 2018, but no response was provided. Plaintiff filed his First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification on November 2, 2018, relying solely on the deemed admissions. Plaintiff's motion seeks conditional certification of and supervised notice to home health aides who worked for Defendants over the last three years and who worked overtime hours for which they were not compensated at the rate of time and one-half their regular hourly rate.

Defendants filed a motion to withdraw admissions on November 15, 2018. On January 2, 2019, the Magistrate Judge denied Defendants' motion, finding the unanswered admissions were deemed admitted.  (Dkt. # 17). The Magistrate Judge held a hearing on Plaintiff's motion for notice and conditional certification on February 27, 2019.

## REPORT AND RECOMMENDATION

On March 12, 2019, the Magistrate Judge entered a Report and Recommendation, recommending Plaintiff's motion for notice to potential plaintiffs and conditional certification be

granted. The Magistrate Judge first noted Defendants' answer admitted certain allegations that are relevant to the issue of whether to allow conditional certification (*i.e.*, whether there has been a minimal showing by the plaintiff that there is a reasonable basis for crediting the assertions that aggrieved individuals exist; that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and that those individuals want to opt-in to the lawsuit).

Further considering the deemed admissions, the Magistrate Judge concluded Plaintiff has met his burden at the notice stage of demonstrating there is a reasonable basis for crediting their claims that aggrieved individuals exist. R&R at 11. The Magistrate Judge next considered whether those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted. *Id.* at 12. She concluded Plaintiff has made the necessary "modest factual showing" sufficient to demonstrate he and potential plaintiffs together were victims of a common policy or plan that violated the law. *Id.* at 13. Finally, the Magistrate Judge held Plaintiff has shown there likely are others who seek to opt-in to this litigation. *Id.* Having found Plaintiff fulfilled the three requirements for collective action certification, the Magistrate Judge concluded notice should issue and approved Plaintiff's proposed Notice and Consent Forms. *Id.*

## **OBJECTIONS**

In their objections, Defendants assert Plaintiff's motion was "granted solely based on the deemed admissions, without Plaintiff providing any actual evidence to support its baseless allegations." (Dkt. # 21 at 2). Defendants argue "Plaintiff's allegations that there are other employees of Defendant that are similarly situated are false." *Id*. at 3. According to Defendants, there is a good faith dispute as to the truth of several matters made the subject of the deemed

admissions. *Id.* at 4. Defendants assert they will "also show that most of the issues inadvertently deemed admitted were previously denied by Defendants in their Original Answer." *Id.*

## *DE NOVO* REVIEW

### *Applicable law*

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) of the FLSA gives employees the right to bring an action on behalf of themselves, as well as "other employees similarly situated" for violations of the FLSA. 29 U.S.C. § 216(b). "Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members." *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011).

While the Fifth Circuit has not specifically addressed the meaning of "similarly situated" in this context, "[t]wo approaches are used by courts to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D. N.J. 1987); and (2) the 'Spurious Class Action' method outlined in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990)." *Cripe v. Denison Glass Mirror, Inc.*, 2012 WL 947455, at *3 (E.D. Tex. Jan 27, 2012), *report and recommendation adopted*, 2012 WL 947362 (E.D. Tex. Mar. 20, 2012). "The *Lusardi* two-stage approach is the prevailing standard among federal courts," *Tice*, 826 F. Supp. 2d at 994 (citations omitted), and the standard predominantly used in this District. *See Halleen v. Belk, Inc.*, 2016 WL 5118646, at *2 (E.D. Tex. 2016); *Miranda v. Mahard Egg Farm, Inc.*, 2016 WL 1704861, at *1 (E.D. Tex. 2016); *Stier v. Great Plains Nat'l Bank*, 2016 WL 1572194, at *1 (E.D. Tex. 2016). The Magistrate Judge used the *Lusardi* two-stage

6

approach. R&R at 3.

Under *Lusardi*, "certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage." *Id.* "At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Because the Court has minimal evidence before it at the notice stage, "the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan." *Tice*, 826 F. Supp. 2d at 995. "Notice is appropriate if the court concludes that there is 'some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice].'" *Allen v. McWane, Inc.*, 2006 WL 3246531, at *2 (E.D. Tex. 2006). "If the first step [of the *Lusardi* approach] is satisfied, the court conditionally certifies a class; and the action proceeds as a collective action during discovery." *Sedtal v. Genuine Parts Co.*, 2009 WL 2216593, at *3 (E.D. Tex. 2009). At the second stage, often referred to as the merits or opt-in stage, the court may readdress whether the class is similarly situated. *Mooney*, 54 F.3d at 1214.

## Discussion

The matter before the Court is in the notice stage. According to the Magistrate Judge, Plaintiff bears the burden at the notice stage and must provide competent evidence to show that a similarly situated group of potential plaintiffs exists.  R&R at 4 (citing *Casanova v. Gold's Texas Holdings Group, Inc.*, 2014 WL 6606573, *2 (W.D. Tex. November 19, 2014)). As noted by the Magistrate

Judge, "[a]t the notice stage, 'the [similarly situated] standard requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan." *Id.* (quoting *Gallender v. Empire Fire and Marine Ins. Co.*, 2007 WL 325792, at *1 (S.D. Miss. Jan.31, 2007) (unreported) (quoting *Allen,* 2006 WL 3246531, at *2)). "Specifically, the first-stage test requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." R&R at 4 (quoting *Casanova,* 2014 WL 6606573, at *2 (quoting *Walker v. Honghua Am., LLC,* 870 F. Supp. 2d 462, 465–66 (S.D. Tex.2012) (internal citations and quotation marks omitted)).

The Magistrate Judge held Plaintiff provided evidence in the form of deemed admissions that the putative class members (*i.e.* home health aides working for the Defendants) were victims of a single decision, policy, or plan (being paid regular pay for all hours worked over 40 hours a week). Specifically, Defendants have admitted the following in their deemed admissions:

- Between September 1, 2015, and the present, Defendants employed at least twenty home health aides (Dkt. #11, Exh. A at Request 7);

- Between September 1, 2015, and the present, multiple home health aides other than Ryan Kaiser worked in excess of 40 hours in certain workweeks (*id.* at Request 8);

- Between September 1, 2015, and the present, Defendants compensated those home health aides at their regular hourly rate for overtime hours worked (*id.* at Request 9);

- Between September 1, 2015, and the present, Defendants' payroll records show Defendants  did not compensate home health aides at a rate of 1.5 times their regular hourly rate for all hours worked in excess of 40 hours in certain workweeks (*id.* at Request 10);

- Defendants payroll records reflect that Defendants compensated home health aides other than Ryan Kaiser at their regular hourly rate in workweeks in which they were compensated for more than 40 hours (*id.* at Request 11).

R&R at 8-9. According to the Magistrate Judge, the matters deemed admitted above are conclusively established. *Id.* at 11 (citing Fed. R. Civ. P. 36(b) ("[a]ny matter admitted. . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission.")).

The Court notes Defendants' objections contain the same arguments made in their response in opposition to the motion. Defendants primarily argue for the withdrawal of their deemed admissions.[1] They also argue that they denied in their answer all the allegations contained in the complaint that allege any of the Defendants' current or former employees worked more than forty hours in a workweek and were not paid overtime pay for said work. Defendants further assert the Magistrate Judge found Plaintiff's request was supported solely on deemed admissions. This is incorrect.

Plaintiff's motion relied only on the deemed admissions, but the Magistrate Judge did not rely solely on the deemed admissions. In addition to the deemed admissions, the Magistrate Judge also relied on Defendants' answer, wherein Defendants admitted the following are questions of fact and law common to the class arising from Defendants' actions: (1) whether Plaintiffs were covered non-exempt hourly employees; (2) whether Plaintiffs were compensated for all hours worked; (3) whether Plaintiffs worked more than 40 hours per week; (4) whether Plaintiffs were compensated at 150% of their regular rate for all hours worked in excess of 40 hours in any and all weeks; (5) whether

---

[1] Defendants filed a motion to withdraw admissions on November 15, 2018. (Dkt. # 12). On January 2, 2019, the Magistrate Judge denied Defendants' motion, finding the unanswered admissions were deemed admitted. (Dkt. # 17). Defendant did not appeal the Magistrate Judge's decision to the undersigned.

Defendants' practices accurately account for the time Plaintiffs actually were working; (6) whether Defendants' compensation policy and practice is illegal; and (7) whether Defendants had a policy and practice of willfully failing to compensate employees for overtime. R&R at 12 (citing Dkt. # 4, ¶ 39). Defendants also admitted in their answer that the "number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may be easily and quickly notified of the pendency of this action; potential collective action members may be informed of the pendency of this collective action through direct mail, email, and office posting; and the common questions "predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims." R&R at 12 (citing Dkt. # 4,¶ 36 (first sentence),¶ 37 (first sentence), ¶ 40).

Although the evidence presented here is far from overwhelming, the Court agrees with the Magistrate Judge that Plaintiff has satisfied his burden at this stage of the proceedings. As the Magistrate Judge explained, Plaintiff does not have a heavy burden at the notice stage of the two-stage *Lusardi* analysis. There must only be a "reasonable basis" to believe that other aggrieved individuals exist. *Black v. Settlepou, P.C.*, 2011 WL 609884, at *3 (N.D. Tex. 2011) (citing *Tolentino v. C & J Spec–Rent Serv., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (internal citations omitted)). The Court agrees with the Magistrate Judge's finding that there is a reasonable basis to suggest a class of similarly situated employees exists who want to opt-in to the lawsuit. Furthermore, should other similarly situated employees eventually be found not to exist, this issue may be raised at the decertification stage.

Based on the foregoing, the Court finds that Plaintiff has met the lenient burden imposed under the first stage for conditional certification. Furthermore, because Defendants will have the opportunity under stage two of *Lusardi* to assert a motion to decertify the collective action if, after discovery, they can show that the class members are not similarly situated, the Court sees no basis to deny Plaintiff's motion. *Tice*, 826 F. Supp. 2d at 996-97.

The Court has made a *de novo* review of the objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court finds Plaintiff has fulfilled the three requirements for collective action certification and notice should issue. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification (Dkt. # 11) is **GRANTED**, and the objections of Defendants are **OVERRULED**. It is further

**ORDERED** the Court approves Plaintiff's proposed Notice and Consent Forms.  It is further

**ORDERED** as follows: (1) Defendants must disclose to Plaintiff's attorney the names, last known addresses, email addresses, and telephone numbers of potential opt-in plaintiffs within seven days from the entry of this Order; (2) Plaintiff is permitted to distribute the Notice and Consent Forms to potential opt-in plaintiffs via mail and email; (3) Potential opt-in plaintiffs will have a 60-day opt-in period beginning on the date Plaintiff's counsel first mails Notice and Consent Forms to potential opt-in plaintiffs pursuant to this order, and any Consent Forms received by Plaintiff's attorneys or postmarked by the 60th day of the opt-in period shall be filed with the Court within 7

days of the expiration of the opt-in period; and (4) Defendants shall post the Notice and Consent

Forms at Defendant Revival Home Healthcare Services, Inc.'s office facility in an area that is open

and conspicuous to home health aides.

      **SIGNED this 22nd day of April, 2019.**


_____

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE