## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-00341-ALM |
| REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, | § § § § § | |
| *Defendants.* | § § | |

### PLAINTIFFS' SECOND MOTION TO COMPEL DOCUMENT PRODUCTION FROM DEFENDANTS AND BRIEF IN SUPPORT

Plaintiffs file this Second Motion to Compel Document Production from Defendants and respectfully show the Court as follows:

### I.    OVERVIEW & FACTUAL BACKGROUND

On May 10, 2018, Plaintiff, Ryan Kaiser, filed his Original Complaint (Doc. 1). Defendants filed their Original Answer on June 5, 2018 (Doc. 4). The Court entered its Order Governing Proceedings on July 24, 2018, setting an August 24, 2018, deadline for the exchange of initial disclosures (Doc. 5). Defendants served their initial disclosures on Plaintiffs' counsel on August 28, 2018, and noted that "[a]ll relevant payroll information in Defendants' possession, custody, or control will be provided to Plaintiff's counsel post haste." But no such documents were produced until after Plaintiff filed his first Motion to Compel (Doc. 19). At that time, the Court denied Plaintiff's motion to compel based on Defendants' representation that they had "provided Plaintiff will [sic] all responsive documents they have located" and had "turned over all documents in their

possession, custody or control." *See* Defendants' Response to Plaintiff's Motion to Compel Document Production (Doc. 24) & Order (Doc. 27).

On July 22, 2019, Plaintiff filed a Notice of Consent to Become Party Plaintiff on behalf of eleven opt-in plaintiffs. This filing should have prompted Defendants to produce relevant documents concerning the hours worked by and compensation paid to those opt-in plaintiffs, along with other relevant documents. Additionally, in light of Defendants' repeated and pervasive failure to comply with their discovery obligations in this case, Plaintiffs served a Second Request for Production on Defendants on August 1, 2019, requesting many of the same documents previously requested and clarifying that Plaintiffs' requests seek time and pay records for all opt-in plaintiffs. *See* Exhibit A, Defendants' Response to Second Request for Production.

On August 28, 2019, Defendants sought an extension of Defendants' deadline to respond to Plaintiffs' Second Request for Production and Plaintiffs agreed to extend the deadline to September 9, 2019. *See* Exhibit B, Email re Rule 11 Agreement. On September 2, 2019, Defendant Sylvester Udeze, along with two other individuals, appeared at Ryan Kaiser's home in an apparent attempt to engage in settlement discussions directly with the named plaintiff. *See* Exhibit C, Udeze Email. Plaintiffs' counsel promptly brought this issue to the attention of Defendants' counsel and advised that Plaintiffs cannot calculate their damages owed until they receive the documents responsive to their Second Request for Production. *See* Exhibit D, 9/2/19 Email.

Plaintiffs received Defendants' Response to Plaintiffs' Second Request for Production on September 9, 2019. With this response, however, Defendants only produced some documents generally applicable to their home health aides and some additional time and payroll records

pertaining to the named plaintiff.[1] Defendants' responses to Request Nos. 1 and 2 indicate that they were still "gathering documents for the other Plaintiffs and will supplement this response upon completion." *See* Exhibit A. Based on these representations and the fact that Defendants' production responsive to Request No. 16 includes billing records for only one patient and no actual billing statements, Defendants have also failed to produce documents demonstrating the hours each plaintiff worked as reflected in the billing records Defendants submitted to Medicare. *See id*. Defendants additionally indicated that they would supplement their production responsive to Request Nos. 10, 14, and 15 "if responsive documents are located." *See id*.

After waiting two weeks for Defendants to supplement their production, Plaintiffs' counsel inquired about the status of their supplementation, particularly regarding the time and pay records for the opt-in plaintiffs. *See* Exhibit E, Email re Lack of Supplementation. Plaintiffs' counsel received no response to this inquiry and again inquired about the promised supplemental production on September 28, 2019, explaining that Plaintiffs would be forced to file a motion to compel if those documents were not produced by October 1, 2019. In response, on September 30, 2019, Defendants' counsel notified Plaintiffs that the Defendants' "employee that can pull the records you need is out of the country on vacation and will not return until late October 2019" and offered to produce the documents by November 15, 2019. *See id.*

Per the Court's Scheduling Order (Doc. 26), discovery is to be completed by October 15, 2019, and dispositive motions must be filed by October 22, 2019. Additionally, a mediator must be selected by October 31, 2019, mediation must occur by December 7, 2019, and pretrial materials are due in January and February.

---

[1] Although Plaintiffs appreciate that Defendants have finally supplemented their original production, this demonstrates the falsity of Defendants' prior representation that they had already produced all documents in their possession, custody, or control.

## II.     ARGUMENT AND AUTHORITIES

The Court's Order Governing Proceedings (Doc. 5) clearly states that the parties must produce, as part of the initial mandatory disclosure, "[a] copy of all documents . . . in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party." Local Rule CV-26(d) further defines what is "relevant to the claim or defense of any party." The documents sought by Plaintiffs are well within that definition. The Amended Scheduling Order (Doc. 26) also reminds the parties of the requirement to produce "documents containing[ ] information 'relevant to the claim or defense of any party.'" Thus, Defendants' obligation to produce the time and pay records relevant to each opt-in plaintiff and the other documents requested in Plaintiffs' Second Request for Production arose no later than July 22, 2019. And Defendants were certainly aware of their obligation to produce those documents when they received Plaintiff's Second Request for Production on August 1, 2019.

Defendants' failure and refusal to produce relevant and responsive documents is a clear violation of the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court. And Defendants' actions have prejudiced and continue to prejudice the Plaintiffs because these documents are necessary to calculate Plaintiffs' damages, support Plaintiffs' motion for summary judgment, and prepare this case for trial. Therefore, Plaintiffs ask this Court to compel Defendants to immediately produce all responsive documents.

## III.     CONCLUSION

Because Defendants have repeatedly ignored their discovery obligations, Plaintiffs respectfully ask this Court to order Defendants to produce all documents responsive to Plaintiffs' Second Request for Production and any other documents "relevant to the claim or defense of any party." Additionally, in light of Defendants' repeated violations and the harm caused to Plaintiffs,

Plaintiffs ask the Court to impose appropriate sanctions, including, but not limited to, the award of attorneys' fees for all time Plaintiffs' counsel has dedicated to obtaining these documents from Defendants.

    Respectfully Submitted:

    By: */s/ Corinna Chandler*
        Corinna Chandler
        Texas Bar No. 24061272
        Chandler Law, P.C.
        3419 Westminster #343G
        Dallas, Texas 75205
        972-342-8793
        972-692-5220 (fax)
        chandler@chandlerlawpc.com

    ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

    I hereby certify that movant's counsel has complied with the meet and confer requirement in LOCAL RULE CV-7(h) and this motion is opposed. Plaintiff's counsel (Corinna Chandler) and Defendants' counsel (Michael Cramer) conferred by email on numerous occasions, as described more fully above, and by phone on October 4, 2019, regarding the relief sought herein and have been unable to resolve this dispute. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

    */s/ Corinna Chandler*
    Corinna Chandler

## CERTIFICATE OF SERVICE

    I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 4th day of October 2019.

    */s/ Corinna Chandler*
    Corinna Chandler