**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, § § § *Plaintiff,* § § v. § § REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, § § § § § *Defendants.* § | CIVIL ACTION NO. 4:18-cv-00341-ALM |

**PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION TO COMPEL
DOCUMENT PRODUCTION FROM DEFENDANTS**

Plaintiffs file this Reply in Support of their Second Motion to Compel Document Production from Defendants and respectfully show the Court as follows:

### I.     OVERVIEW & FACTUAL BACKGROUND

Plaintiffs filed their Second Motion to Compel on October 4, 2019, and the defendants' response was due on October 18, 2019. After the defendants failed to timely respond, the Court ordered them to respond by November 12, 2019. On November 12, 2019, the defendants filed a one-paragraph response, claiming that they had produced "all documents in their possession, custody or control" responsive to the request for production served on them on September 28, 2018.

The defendants' response is almost identical to their response to plaintiffs' first Motion to Compel. That response was filed on April 25, 2019 (*see* Doc 24), also after the defendants failed to timely respond to plaintiffs' motion and the Court ordered them to file a response (*see* Doc 22).

When the defendants represented, on April 25, 2019, that they had produced all documents responsive to the plaintiffs' first request for production, served on September 28, 2018, they had only produced 40 pages of documents. And those 40 pages consisted almost entirely of acknowledgements signed by the named plaintiff confirming that he had received certain paychecks. On April 30, 2019, five days after claiming to have produced all responsive documents, the defendants produced payroll reports for 2016, the named plaintiff's earnings for 2016 and 2017, and the defendants' client visit log for the named plaintiff, showing the times the named plaintiff clocked in and out.

Not until September 2019 did the defendants produce the named plaintiff's paystubs and the EVV Visit Log they are required to maintain for Medicaid billing purposes. The EVV Visit Log shows the hours the home health aide was scheduled to work each day, the actual hours worked, and the hours paid. According to the Texas Health and Human Services Commission, "Electronic Visit Verification is a computer-based system that verifies the occurrence of authorized personal attendant service visits by electronically documenting the precise time a service delivery visit begins and ends" and home health providers are required to use this system. *See* https://hhs.texas.gov/doing-business-hhs/provider-portals/long-term-care-providers/resources/electronic-visit-verification.

With the EVV Visit Log and Mr. Kaiser's paystubs, the plaintiffs can finally calculate the damages owed to Mr. Kaiser. However, the defendants have produced neither paystubs nor EVV Visit Logs for any of the opt-in plaintiffs.

Plaintiffs' Second Motion to Compel seeks documents requested by the plaintiffs on August 1, 2019, not on September 28, 2018. Plaintiffs' Second Request for Production is focused on obtaining documents relevant to the named plaintiff and opt-in plaintiffs. But rather than

producing payroll and time-keeping records for the plaintiffs, the defendants have produced 626 pages of documents since the plaintiffs filed their Second Motion to Compel, of which only 48 pages contain any information relevant to any of the plaintiffs, and none of which allow the plaintiffs to calculate the damages owed to the opt-in plaintiffs. The remaining 578 pages contain information about unrelated employees.

The 48 pages containing information relevant to any of the plaintiffs include 10 pages of information related to the earnings and work hours of the named plaintiff, which are duplicative of records previously produced, and only 38 pages containing any information relevant to any of the opt-in plaintiffs. The chart attached as Exhibit A hereto lists the number of pages of documents produced for each opt-in plaintiff, a description of the documents produced, and examples of the documents in defendants' possession, custody, or control that the defendants have not produced.[1]

Based on the documents the defendants have finally produced pertaining to Mr. Kaiser, it is clear that the defendants maintain paystubs for their employees. But the defendants have not produced a single paystub for any of the opt-in plaintiffs.

Similarly, the defendants have finally produced the EVV Visit Log for Mr. Kaiser. Since they are legally obligated to maintain this log for each of their home health aides, they must have a similar log for each opt-in plaintiff but have produced none. The defendants also produced a separate report maintained by them containing the clock in and out times for Mr. Kaiser but have produced no such report for the opt-in plaintiffs.

The defendants are required to maintain these pay and time records under the FLSA. *See* 29 C.F.R. 516.2. And, as evidenced by the records maintained for Mr. Kaiser, the defendants

---

[1] In addition to the documents reflected in that chart, the defendants produced payroll reports for 2016 before the opt-in consent forms were filed that contain at least some 2016 payroll amounts for three of the opt-in plaintiffs (Martha Carreon, Ana Martinez Mares (Juarez), and Ana Perez).

appear to comply with that requirement. The defendants, of course, have additional incentive to maintain these records because their business model requires them to maintain detailed time records in the form of the EVV Visit Log in order to seek Medicaid reimbursement. Despite maintaining these records, however, the defendants continue to refuse to produce the relevant records for the opt-in plaintiffs and have instead opted to produce nearly 600 pages of irrelevant information in the past month related to other employees in their continued scheme to obfuscate.

As the attached Exhibit A demonstrates, the defendants have produced documents showing that five of the opt-in plaintiffs worked for some period of time without producing any documents containing their wages earned. For one opt-in plaintiff, the defendants produced earnings reports without producing documents reflecting the hours worked. And for four opt-in plaintiffs, the defendants produced nothing.

The record in this case demonstrates that the defendants have consistently ignored the Federal Rules of Civil Procedure, the Local Rules, and the Orders of this Court. It is clear that the defendants will not voluntarily comply with their discovery obligations and the plaintiffs continue to be prejudiced by the defendants' actions because the plaintiffs cannot calculate their damages without the payroll information maintained by the defendants.

In addition to documents reflecting hours worked and wages paid, the plaintiffs seek documents related to the job description, job duties, employment agreement, and training of each plaintiff. These documents are relevant to the plaintiffs' argument in support of proceeding as a collective action. In response to these requests, the defendants produced blank application materials and the application materials of a single unrelated employee. According to that production, a written job description exists but has not been produced, a written employment

agreement setting forth the relevant employee's hourly rate exists but has not been produced, and orientation and training materials for each employee exist but have not been produced.

## II.     CONCLUSION

For the foregoing reasons, and as set forth in Plaintiffs' Second Motion to Compel Document Production, the plaintiffs respectfully ask this Court to order the defendants to produce all documents responsive to Plaintiffs' Second Request for Production and any other documents "relevant to the claim or defense of any party," specifically including all paystubs, EVV Visit Logs, and all other reports showing wages paid per pay period and hours worked and paid per day and pay period. Additionally, in light of the defendants' repeated violations and the harm caused to the plaintiffs, the plaintiffs ask the Court to impose appropriate sanctions, including, but not limited to, the award of attorneys' fees for all time Plaintiffs' counsel has spent trying to obtain these documents from the defendants.

Respectfully Submitted:

By: */s/ Corinna Chandler*
     Corinna Chandler
     Texas Bar No. 24061272
     Chandler Law, P.C.
     3419 Westminster #343G
     Dallas, Texas 75205
     972-342-8793
     972-692-5220 (fax)
     chandler@chandlerlawpc.com

     ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 19th day of November 2019.

*/s/ Corinna Chandler*
Corinna Chandler