# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **RYAN KAISER, on behalf of himself and**<br>**others similarly-situated** | § § § | |
| **V.** | § § § | **Civil Action No.  4:18CV341**<br>**Judge Mazzant/Magistrate Judge Craven** |
| **REVIVAL HOME HEALTHCARE**<br>**SERVICES, INC. and SYLVESTER C.**<br>**UDEZE** | § § § | |

## ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.  The following pending motion is before the Court:

> **Plaintiff's Second Motion to Compel Document Production from Defendants (Docket Entry # 30).**

The Court, having reviewed the relevant briefing, is of the opinion the motion should be **GRANTED.**

## BACKGROUND

In this Fair Labor Standards Act ("FLSA") case, Plaintiff seeks the recovery of overtime wages he claims Defendants failed to pay him and other similarly situated employees in violation of the FLSA. The FLSA requires covered employers to pay nonexempt employees overtime rates for time worked in excess of statutorily-defined hour limits. *Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-CV-208-Z-BR, 2019 WL 6330631, at *2 (N.D. Tex. Aug. 27, 2019), *report and recommendation adopted*, No. 2:18-CV-208-Z-BR, 2019 WL 6330123 (N.D. Tex. Nov. 26, 2019) (citing *Velazquez v. El Pollo Regio IP, LLC*, No. 3:15-CV-03170-M, 2016 WL 3669876, at *2 (N.D.

Tex. July 11, 2016) (Lynn, J.) (citing 29 U.S.C. § 207(a)). Employers who violate this overtime compensation requirement may be sued in a collective action by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  A collective action is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure, but in an FLSA "collective action" the other employees do not become plaintiffs in the action unless and until they consent in writing or "opt-in" to the lawsuit. *Greinstein*, 2019 WL 6330631, at *2 (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008); also citing *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (an action brought under the FLSA follows an "opt-in" rather than the "opt-out" procedure under Rule 23 class action suits)).

On April 22, 2019, the Court granted Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification.  Docket Entry # 20. The Court approved Plaintiff's proposed Notice and Consent Forms and further ordered as follows: (1) Defendants must disclose to Plaintiff's attorney the names, last known addresses, email addresses, and telephone numbers of potential opt-in plaintiffs; (2) Plaintiff was permitted to distribute the Notice and Consent Forms to potential opt-in plaintiffs via mail and email; (3) Potential opt-in plaintiffs would have a 60-day opt-in period beginning on the date Plaintiff's counsel first mailed Notice and Consent Forms to potential opt-in plaintiffs, and any Consent Forms received by Plaintiff's attorneys or postmarked by the 60th day of the opt-in period were to be filed with the Court within seven days of the expiration of the opt-in period; and (4) Defendant was required to post the Notice and Consent Forms at Defendant's office facility in an area that is open and conspicuous to home health aides.  *Id*. at pp. 13-14.

On July 22, 2019, Plaintiff filed a Notice of Consent to Become Party Plaintiff on behalf of

eleven opt-in plaintiffs.  Docket Entry # 28.

## MOTIONS TO COMPEL

Plaintiff filed his first motion to compel on March 5, 2019, before the Court granted conditional certification, asserting Defendants' initial disclosures did not contain any relevant payroll information. Therefore, on September 28, 2018, Plaintiff's counsel had served Plaintiff's Requests for Admission and First Request for Production on Defendants. The parties conferred on February 7, 2019, and Defendants served their response the same day, indicating "[a]ll responsive documents [were] attached, if any exist." According to Plaintiff, the only documents Defendants produced were "plaintiff's annual earnings report and forms indicating that plaintiff (and some other employees) picked up their paychecks." Docket Entry # 19 at 2. In the first motion to compel, Plaintiff requested the Court order Defendants to produce all responsive documents, including time keeping and payroll records for Plaintiff.

Defendant did not file a response within the time prescribed by the Local Rules of this Court. Therefore, the Court ordered Defendants to file a response.  Docket Entry # 22. In their April 25, 2019 response to Plaintiff's first motion to compel, Defendants represented as follows:

> Defendants have complied and have provided Plaintiff with all responsive documents they have located.  Defendants have turned over all documents in their possession, custody or control.  Defendants are not withholding any privilege[d] documents.

Docket Entry # 24 at 1.  No further briefing was filed. On June 18, 2019, the Court denied Plaintiff's first motion to compel, noting Defendants had represented they had produced all responsive, non-privileged documents in their possession, custody, or control.

Following the July 22 notice of consent regarding eleven opt-in plaintiffs, Plaintiff filed his second motion to compel on October 4, 2019.  According to Plaintiff, the July 22 notice should have

prompted Defendants to produce relevant documents concerning the hours worked by and compensation paid to those opt-in plaintiffs, along with other relevant documents, however Defendants failed to do so.  Docket Entry # 30 at p. 2. In light of Defendants' "repeated and pervasive failure to comply with their discovery obligations in this case, Plaintiffs served a Second Request for Production on Defendants on August 1, 2019, requesting many of the same documents previously requested and clarifying that Plaintiffs' requests seek time and pay records for all opt-in plaintiffs." *Id.*

After Defendants again failed to timely respond, the Court ordered them to file a response on or before November 12, 2019.  Docket Entry # 34.  On November 12, 2019, Defendants filed a one-paragraph response almost identical to their response to Plaintiff's first motion to compel, claiming they had produced "all documents in their possession, custody or control" responsive to the request for production served on them on September 28, 2018.  Docket Entry # 35.

In Plaintiff's reply, Plaintiff emphasizes he does not seek documents requested on September 28, 2018, but those requested in the August 1, 2019 Second Request for Production of Documents. Docket Entry # 37 at p. 2.  Plaintiff further explains Defendants' failure to comply with their discovery obligations, starting with Defendants' first production of documents and representation to the Court in response to Plaintiff's first motion to compel. Specifically, Plaintiff asserts as follows:

> When the defendants represented, on April 25, 2019, that they had produced all documents responsive to the plaintiffs' first request for production, served on September 28, 2018, they had only produced 40 pages of documents. And those 40 pages consisted almost entirely of acknowledgments [sic] signed by the named plaintiff confirming that he had received certain paychecks. On April 30, 2019, five days after claiming to have produced all responsive documents, the defendants produced payroll reports for 2016, the named plaintiff's earnings for 2016 and 2017,

4

and the defendants' client visit log for the named plaintiff, showing the times the named plaintiff clocked in and out.

Not until September 2019 did the defendants produce the named plaintiff's paystubs and the EVV Visit Log they are required to maintain for Medicaid billing purposes. The EVV Visit Log shows the hours the home health aide was scheduled to work each day, the actual hours worked, and the hours paid. According to the Texas Health and Human Services Commission, 'Electronic Visit Verification is a computer-based system that verifies the occurrence of authorized personal attendant service visits by electronically documenting the precise time a service delivery visit begins and ends' and home health providers are required to use this system. . . .

With the EVV Visit Log and Mr. Kaiser's paystubs, the plaintiffs can finally calculate the damages owed to Mr. Kaiser. However, the defendants have produced neither paystubs nor EVV Visit Logs for any of the opt-in plaintiffs.

*Id.*

According to Plaintiff, "rather than producing payroll and time-keeping records for the [opt-in] plaintiffs, the defendants have produced 626 pages of documents since the plaintiffs filed their Second Motion to Compel, of which only 48 pages contain any information relevant to any of the plaintiffs, and none of which allow the plaintiffs to calculate the damages owed to the opt-in plaintiffs. The remaining 578 pages contain information about unrelated employees."[1] *Id.* at pp. 2-3. Plaintiff attached a chart to his reply, listing the number of pages of documents produced for each opt-in plaintiff, a description of the documents produced, and examples of the documents in Defendants' possession, custody, or control that Defendants have not produced.

Based on the information Defendants have finally produced pertaining to Mr. Kaiser, Plaintiff states it is clear Defendants maintain and must produce the following information for the opt-in

---

[1]Plaintiff asserts the forty-eight (48) pages containing information relevant to any of the plaintiffs include ten pages of information related to the earnings and work hours of the named plaintiff, which are duplicative of records previously produced, and only thirty-eight (38) pages containing any information relevant to any of the opt-in plaintiffs. Docket Entry # 37 at p. 3.

plaintiffs: (1) paystubs for their employees; (2) the EVV Visit Log Defendants are legally obligated to maintain for each of their home health aides; (3) a separate report containing the clock in and out times for the opt-in plaintiffs; and (4) relevant documents related to the job description, job duties, employment agreements, and training of each opt-in plaintiff.  Plaintiff asserts Defendants produced blank application materials and application materials of a single unrelated employee, revealing a written job description exists but has not been produced, a written employment agreement setting forth the relevant employee's hourly rates exists but has not been produced, and orientation and training materials for each employee exist but have not been produced.  Docket Entry # 137 at pp. 4-5.

## APPLICABLE LEGAL STANDARDS GOVERNING DISCOVERY

Federal Rule of Civil Procedure 26(b) provides that the permissible scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." *Matter of AET, Inc., Ltd.*, No. 1:10-CV-51, 2018 WL 4201264, at *2 (E.D. Tex. June 8, 2018) (quoting FED. R. CIV. P. 26(b)(1)). In the Eastern District of Texas, Local Rule CV-26 also provides guidance in considering whether information is relevant for discovery. The rule provides information is relevant if:

> (1) it includes information that would not support the disclosing parties' contentions;

> (2) it includes those persons who, if their potential testimony were known, might

reasonably be expected to be deposed or called as a witness by any of the parties;

(3) it is information that is likely to have an influence on or affect the outcome of a claim or defense;

(4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate, or try a claim or defense.

*Matter of AET*, 2018 WL 4201264, at *2 (quoting E.D. Tex. Civ. R. CV-26(d)). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Matter of AET*, 2018 WL 4201264, at *2 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947))). Nonetheless, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Matter of AET*, 2018 WL 4201264, at *2 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

In addition to being relevant, discovery must be proportional. Federal Rule of Civil Procedure 26(b) has been amended, effective December 1, 2015. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 284 (N.D. Tex. June 26, 2017) ("*Samsung II*"). "Under Rule 26(b)(1), [as amended,] discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements."[2] *Id.* at 279. The burden is on the party resisting discovery to establish the discovery is not proportional. *KAIST IP US LLC v. Samsung Electronics Co. Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937760, at *1 (E.D. Tex. Dec. 21, 2017) (citing *Samsung*

---

[2] The 2015 amendments to Rule 26 deleted "from the definition of relevance information that appears 'reasonably calculated to lead to the discovery of admissible evidence' because '[t]he phrase has been used by some, incorrectly, to define the scope of discovery' and 'has continued to create problems' given its ability to 'swallow any other limitation on the scope of discovery.'" *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 319064, at *4 (E.D. Tex. Jan. 23, 2017) (quoting FED. R. CIV. P. 26, 2015 comm. note).

*Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-D, 2017 WL 896897, at *11 (N.D. Tex. Mar. 7, 2017) ("*Samsung I*")); *see also Samsung II*, 321 F.R.D. at 284 (explaining the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery).

"[J]ust as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Samsung II*, 321 F.R.D. at 284 (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Samsung II*, 321 F.R.D. at 284 (quoting FED. R. CIV. P. 26(b)(2)(C)).

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. *OrthoAccel Technologies, Inc. v. Propel Orthodontics, LLC*, No. 4:16-cv-00350-ALM, 2017 WL 1294451, at * 2 (E.D. Tex. April 4, 2017). Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." *Star Creek Ctr.,*

*LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084, at *1 (E.D. Tex. Apr. 23, 2018) (quoting FED. R. CIV. P. 37(a)(1)). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Star Creek*, 2018 WL 1934084, at *1 (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Crow v. ProPetro Servs., Inc.*, No. MO:15-CV-00149-RAJ-DC, 2016 WL 9776368, at *3 (W.D. Tex. June 6, 2016) (quoting FED. R. CIV. P. 37(a)(5)(A)).

## DISCUSSION

Plaintiff requests the Court order Defendants to produce all documents responsive to Plaintiffs' Second Request for Production and any other documents "relevant to the claim or defense of any party," specifically including all paystubs, EVV Visit Logs, and all other reports showing wages paid per pay period and hours worked and paid per day and pay period. Additionally, in light

9

of Defendants' repeated violations, Plaintiff asks the Court to impose appropriate sanctions, including, but not limited to, the award of attorneys' fees for all time Plaintiffs' counsel has spent trying to obtain these documents from Defendants.

Similar to this case, in *Crow* the plaintiff asserted the defendant had refused production of information and materials that are routine elements of FLSA discovery, including: job postings, descriptions of job duties of class members, documents regarding termination, disciplinary or other adverse employment actions taken by Defendant, invoices to third parties for work performed by the plaintiff and putative class members, organizational charts, and document retention policies. *Crow*, 2016 WL 9776368, at *8. Although the defendant had produced these categories of records specific to the named party plaintiff in the case, the defendant had not produced the categories of records with regard to the opt-in plaintiffs. The court ordered the defendant "must supplement its written discovery responses to provide the same information and documents with regard to all potential opt-in plaintiffs." *Id.*

Here, after being ordered to file a response to the second motion to compel, Defendants state (just like they did in response to the first motion to compel denied by the Court) they have complied and provided Plaintiff with all responsive documents they have located and that they will continue to search for any responsive documents and supplement their responses when and if any other documents are found.  However, Defendants reference the September 28, 2018 first request for production, not the August 1, 2019 second request for production at issue here.  What is more, Plaintiff has shown Defendants have finally produced documents pertaining to Mr. Kaiser, indicating there are at least similar responsive documents available for the opt-in plaintiffs that have not been produced as required by the Federal and Local Rules.  Exhibit A attached to Plaintiff's reply

demonstrates Defendants have produced documents showing that five of the opt-in plaintiffs worked for some period of time without producing any documents containing their wages earned; for one opt-in plaintiff, Defendants produced earnings reports without producing documents reflecting the hours worked; and for four opt-in plaintiffs, Defendants produced nothing. Plaintiff asserts it is clear Defendants will not voluntarily comply with their discovery obligations, and Plaintiff continues to be prejudiced by Defendants' actions because the plaintiffs cannot calculate their damages without the payroll information maintained by Defendants.

Similar to the court in *Crow*, the Court orders Defendants to produce to Plaintiff, within fourteen days from the date of entry of this Order, the following information for the opt-in plaintiffs: (1) paystubs for their employees; (2) the EVV Visit Log Defendants are legally obligated to maintain for each of their home health aides; (3) a separate report containing the clock in and out times for the opt-in plaintiffs; and (4) relevant documents related to the job description, job duties, employment agreements, and training of each opt-in plaintiff.

Plaintiff requests the recovery of attorney fees and costs incurred in trying to obtain these documents from Defendants. Docket Entry # 37 at p. 5. Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." *Crow*, 2016 WL 9776368, at *8 (quoting FED. R. CIV. P. 37(a)(1)). "The rule not only authorizes the Court to compel responses and to cooperate in discovery, but even empowers the Court to impose monetary sanctions for 'the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Crow*, 2016 WL 9776368, at *8 (quoting FED. R. CIV. P. 37(a)(5)(A)). However, the rule also provides that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the

person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Crow*, 2016 WL 9776368, at *8 (quoting FED. R. CIV. P. 37(a)(1)). "Thus, Rule 37 demands that the moving party must have in good faith conferred or attempted to confer with the opposing party regarding the discovery dispute as a condition to recovering reasonable expenses incurred in making the discovery motion, including attorney fees." *Crow*, 2016 WL 9776368, at *8 (citing *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012)).

Good faith requires a genuine attempt to resolve the discovery dispute through non-judicial means. *Crow*, 2016 WL 9776368, at *9 (citing *Compass Bank*, 287 F.R.D. at 399). Not only must the movant exhibit good faith but the party need actually attempt a meeting or conference. *Id.* The conferment requirement entails two-way communication, which is necessary to genuinely discuss any discovery issues and to avoid judicial recourse. *Id*.

The Certificate of Conference regarding the second motion to compel indicates Plaintiff's counsel and Defendants' counsel conferred by email on numerous occasions, as described more fully in the second motion to compel, and by phone regarding the relief sought in the second motion to compel.  The Court finds Plaintiff made a genuine attempt to resolve the discovery dispute through non-judicial means. The Court further notes the award of expenses is mandatory in circumstances such as these. *Mayes v. Simpson*, No. 6:14CV811-MHS-JDL, 2016 WL 8223976, at *3 (E.D. Tex. Jan. 12, 2016) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) (internal citations and quotations omitted) ("[T]he award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery . . . unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.")).

12

Accordingly, it is

**ORDERED** that Plaintiff's Second Motion to Compel Document Production from Defendants (Docket Entry # 30) is **GRANTED.**  Within fourteen days from the date of entry of this Order, Defendants shall produce to Plaintiff, to the extent they have not already done so, the following information for the opt-in plaintiffs: (1) paystubs for their employees; (2) the EVV Visit Log Defendants are legally obligated to maintain for each of their home health aides; (3) a separate report containing the clock in and out times for the opt-in plaintiffs; and (4) relevant documents related to the job description, job duties, employment agreements, and training of each opt-in plaintiff.  It is further

**ORDERED** that Defendants shall pay Plaintiff's reasonable attorney's fees in bringing this second motion to compel within seven (7) days of being advised of the amount of the fees by Plaintiff.

**SIGNED this 17th day of January, 2020.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE