IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RYAN KAISER, on behalf of himself and others similarly-situated, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 4:18-cv-00341-ALM |
| v. | § § | |
| REVIVAL HOME HEALTHCARE SERVICES, INC. and SYLVESTER C. UDEZE, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL**

Plaintiff, Ryan Kaiser, on behalf of himself and all others similarly situated, responds to Mr. Cramer's Motion to Withdraw as Counsel (Doc. 39) and respectfully shows the Court as follows:

## I.  FACTUAL BACKGROUND

Plaintiff filed his Original Complaint (Doc. 1) on May 10, 2018.  Defendants' Original Answer (Doc. 4) was filed on June 5, 2018, with Mr. Cramer acting as the attorney for defendants, and Mr. Cramer has represented the defendants in this litigation since at least June 5, 2018.

Due to the defendants' failure and refusal to comply with discovery obligations, Plaintiff's Motion for Conditional Certification relied entirely on deemed admissions, and the Court's January 1, 2019, Order (Doc. 17) denied the defendants' Motion to Withdraw Deemed Admissions. The defendants' subsequent refusal to produce documents is detailed in two separate motions to compel filed by the named plaintiff on March 5, 2019, and October 4, 2019, respectively (Docs. 19 & 30) and is incorporated herein by reference. The defendants even failed to timely

respond to each of the motions to compel, prompting the Court to enter Orders, *sua sponte*, on April 15, 2019, and November 4, 2019, extending the response deadlines and ordering the defendants to file their responses by the extended deadlines. *See* Docs. 22 & 34.

Additionally, due to the defendants' continued refusal to comply with their discovery obligations, the Scheduling Order has twice been amended in this case. The original Scheduling Order (Doc. 9) set this case for trial on the Court's September 2019 docket. *See* Doc. 9 at 3. The first Amended Scheduling Order (Doc. 26) moved the trial date to April 2020. *See* Doc. 26 at 3. And the Second Amended Scheduling Order (Doc. 33) moved the trial date to August 2020.

Prior to the August 2020 trial date, the Second Amended Scheduling Order contains numerous upcoming deadlines, including:

- February 20, 2020 – Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions

- April 27, 2020 – Mediation deadline

- May 11, 2020 – Deadline for filing notice of intent to offer certified records and for counsel and unrepresented parties to confer regarding preparation of the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law)

- May 25, 2020 – Motions in limine and Joint Final Pretrial Order due

- June 1, 2020 – Responses to Motions in limine are due, as are objections to witnesses, deposition extracts, and exhibits listed in the pre-trial order. Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law) are also due.

- July 6, 2020 – Final Pretrial Conference

In compliance with the first Amended Scheduling Order, the parties filed their notice of designation of mediator on October 31, 2019, agreeing to mediate the case with Courtenay Bass. *See* Doc. 32. And on November 15, 2019, the Court referred the case to mediation with Ms. Bass. *See* Doc. 36. The parties have been unable to mediate, however, because the plaintiffs lacked

pertinent information about their hours worked and wages paid due to the defendants' refusal to produce those documents.

Following the Court's January 17, 2020, Order (Doc. 38) compelling document production, the defendants have finally produced at least partial payroll records for each of the opt-in plaintiffs. Although the production is incomplete, plaintiffs' counsel has attempted to schedule mediation with Ms. Bass's office. The defendants' counsel, however, has refused to cooperate despite the upcoming mediation deadline. *See* Email from Mr. Cramer, attached as Exhibit A hereto.

## II. ARGUMENT & AUTHORITIES

"Attorneys normally are expected to work through the completion of a case." *FTC v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). A motion to withdraw must be supported by "a showing of good cause and reasonable notice to the clients." *Id.* at 33-34. Conclusory assertions are insufficient to support good cause. *Id.* The Court can also consider prejudice to the parties and the hardship imposed on the Court resulting from counsel's withdrawal. *See id.* at 34. The decision to grant or deny such a motion is within the Court's discretion. *Id.*

In determining whether counsel has shown that good cause exists for withdrawal, courts consider various factors, including, but not limited to, whether withdrawal will "cause undue delay, prejudice, or interference with justice." *See, e.g., Rabin v. McClain*, 2011 U.S. Dist. LEXIS 95310, at \*\*2&6 (W.D. Tex. Aug. 24, 2011); *see also Walker v. Voyager Charters, L.L.C.*, 2009 U.S. Dist. LEXIS 142386, at \*4 (W.D. Tex. Feb. 26, 2009). The determination "depends upon the facts and circumstances of each case." *Rabin,* U.S. Dist. LEXIS 95310, at \*2.

The client's failure to pay legal fees can provide good cause for withdrawal in some cases, but that is insufficient to allow an attorney to withdraw when the withdrawal would cause significant harm to the litigants and the judicial process. *See Walker*, 2009 U.S. Dist. LEXIS

142386, at *4. The "risk of undue delay," prejudice to the parties, a history of that party's failure to comply with the rules and the concern that the "lack of cooperation will only be exacerbated by Counsel's withdrawal," and a finding that withdrawal would "fail to serve the interests of justice" have been cited as reasons to deny a motion to withdraw until replacement counsel enters an appearance. *Id.* at **4-8.

Even with the representation of counsel, the defendants have consistently failed to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Rules and Orders of this Court. This case has been pending for nearly two years and the defendants still have not produced the basic information necessary to calculate the overtime wages and liquidated damages owed to the opt-in plaintiffs.

Now, after nearly two years of wasting the Court's and the plaintiffs' time, and after causing the plaintiffs to unnecessarily incur attorneys' fees in trying to get the defendants and their counsel to comply with the Rules, Mr. Cramer seeks to withdraw as defendants' counsel two months before the mediation deadline, three months before the first pre-trial deadlines, and just over four months before the Final Pretrial Conference for what is already the third trial setting.

Mr. Cramer's motion claims, without any factual support, that his "withdrawal can be accomplished without material adverse effect on the interests of the Plaintiffs and Defendants." The plaintiffs, however, would clearly be prejudiced by the withdrawal of the defendants' counsel because the defendants have demonstrated over and over again that they do not understand and will not comply with even basic rules and orders. Mr. Cramer's motion does not suggest that any new counsel will be entering an appearance for the defendants in this case – and provides only the defendants' direct contact information for communicating with the defendants after his withdrawal – so it is clear that these defendants would be proceeding *pro se* if Mr. Cramer is allowed to

withdraw. If the defendants cannot be expected to follow basic rules while they are represented by an attorney who is subject to the ethics rules, their violations can only be expected to increase in absurdity as *pro se* litigants. Mr. Cramer's withdrawal would likely also necessitate amending the scheduling order yet again to allow the defendants to engage replacement counsel. That delay would further prejudice the plaintiffs.

Furthermore, the defendants would be prejudiced by Mr. Cramer's withdrawal and Mr. Cramer's motion does not indicate that they have been informed of Mr. Cramer's intention to withdraw or that they have consented to the withdrawal of their attorney. The corporate defendant, Revival Home Healthcare Services, Inc., is prohibited from appearing *pro se* and must be represented by an attorney. *See, e.g., Rabin*, 2011 U.S. Dist. LEXIS 95310, at \*6; *see also* http://www.txed.uscourts.gov/?q=pro-se-litigants. Although the individual defendant, Sylvester C. Udeze, could appear *pro se*, an email the defendants recently sent to plaintiffs' counsel confirms that the defendants do not understand the litigation process and need the guidance of an attorney to litigate this matter. *See* Udeze Email, attached as Exhibit B hereto.[1]

According to that email, the defendants feel like they are in the dark, and it might be Mr. Cramer, rather than (or in addition to) the defendants, who should be sanctioned for the defendants' repeated abuse of the judicial process. In addition to compelling document production, the Court's January 17, 2020, Order (Doc. 38) required the defendants to pay plaintiffs' counsel's attorneys' fees related to the second motion to compel. *See* Doc. 38 at 13. The defendants have failed to comply with that Order. The Court should not allow Mr. Cramer to withdraw from this case after

---

[1] It should be noted that although that February 4, 2020, email from the defendants states that they "have submitted everything," plaintiffs' counsel detailed some of the still missing documents in a February 5, 2020, email to Mr. Cramer. *See* Discovery Email, attached as Exhibit C hereto. At the time of the filing of this response, the defendants' production is still incomplete and the plaintiffs anticipate filing a contempt motion if the outstanding items are not produced by February 21, 2020.

nearly two years of repeated abuses of the judicial process, leaving his clients to incur sanctions for his violations, without first deciding who is responsible for the contempt of court.

### III. CONCLUSION

Because granting Defendants' motion would prejudice the named and opt-in plaintiffs and the defendants, cause undue delay, cause the defendants' violations of the rules and Court Orders to increase in absurdity, and would fail to serve the interests of justice, the plaintiffs ask this Court to deny Mr. Cramer's motion until he and his clients have fully complied with their discovery obligations and the Orders of this Court, including the payment of any sanctions ordered by the Court, and until replacement counsel enters an appearance.

Respectfully Submitted:

By: */s/ Corinna Chandler*
Corinna Chandler
Texas Bar No. 24061272
Chandler Law, P.C.
3419 Westminster #343G
Dallas, Texas 75205
972-342-8793
972-692-5220 (fax)
chandler@chandlerlawpc.com
ATTORNEY FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that I have served or caused the foregoing to be served on all counsel of record via the Court's CM/ECF system on this 18th day of February 2020.

*/s/ Corinna Chandler*
Corinna Chandler