# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RYAN KAISER, on behalf of himself and others similarly situated § § § | |
| v. § | Case No. 4:18-cv-341-ALM-CMC |
| § § REVIVAL HOME HEALTHCARE § SERVICES, INC. and SYLVESTER C. § UDEZE § | |

## ORDER DENYING MOTION TO WITHDRAW AS COUNSEL

The above-entitled and numbered civil action was heretofore referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. Before the Court is **Michael R. Cramer's Motion to Withdraw as Counsel (Docket Entry # 39)**. The Court, having carefully considered the relevant briefing and hearing arguments May 13, 2020, is of the opinion the motion should be **DENIED** without prejudice.

## BACKGROUND

*Factual background*

In this Fair Labor Standards Act ("FLSA") case, Plaintiff Ryan Kaiser, on behalf of himself and others similarly situated ("Plaintiff"), seeks the recovery of overtime wages he claims Defendants Revival Home Healthcare Services, Inc. and Sylvester C. Udeze ("Defendants") failed to pay him and other similarly situated employees in violation of the FLSA. The FLSA requires covered employers to pay nonexempt employees overtime rates for time worked in excess of statutorily-defined hour limits. *Greinstein v. Granite Servs. Int'l, Inc.*, No. 2:18-CV-208-Z-BR, 2019 WL 6330631, at *2 (N.D. Tex. Aug. 27, 2019), *report and recommendation adopted*, No. 2:18-CV-208-Z-BR, 2019 WL 6330123 (N.D. Tex. Nov. 26, 2019) (citing *Velazquez v. El Pollo Regio IP, LLC*, No. 3:15-CV-03170-M, 2016 WL 3669876, at *2 (N.D. Tex. July 11, 2016) (Lynn,

J.) (citing 29 U.S.C. § 207(a))). Employers who violate this overtime compensation requirement may be sued in a collective action by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). A collective action is similar to a class action brought under Rule 23 of the Federal Rules of Civil Procedure, but in an FLSA "collective action" the other employees do not become plaintiffs in the action unless and until they consent in writing or "opt-in" to the lawsuit. *Greinstein*, 2019 WL 6330631, at *2 (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008); also citing *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003) (an action brought under the FLSA follows an "opt-in" rather than the "opt-out" procedure under Rule 23 class action suits)).

*Procedural background*

On September 28, 2018, Plaintiff served his First Set of Requests for Admission to Defendants. Defendants' response was due on October 29, 2018, but no response was provided. Plaintiff filed his First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification on November 2, 2018, relying solely on the deemed admissions. Plaintiff's motion sought conditional certification of, and supervised notice to, home health aides who worked for Defendants over the last three years and who worked overtime hours for which they were not compensated at the rate of time and one-half their regular hourly rate.

Defendants filed a motion to withdraw admissions on November 15, 2018. On January 2, 2019, the undersigned denied Defendants' motion, finding the unanswered admissions were deemed admitted. Docket Entry # 17. The undersigned held a hearing on Plaintiff's motion for notice and conditional certification on February 27, 2019. On March 12, 2019, the undersigned entered a Report and Recommendation, recommending Plaintiff's motion for notice to potential plaintiffs and conditional certification be granted. Docket Entry # 20.

On April 22, 2019, District Judge Mazzant overruled Defendants' objections to the Report and Recommendation and granted Plaintiff's First Stage Motion for Notice to Potential Plaintiffs and Conditional Certification. Docket Entry # 23. The Court approved Plaintiff's proposed Notice and Consent Forms. *Id*. at pp. 11-12. On July 22, 2019, Plaintiff filed a Notice of Consent to Become Party Plaintiff on behalf of eleven opt-in plaintiffs. Docket Entry # 28.

Plaintiff filed his first motion to compel on March 5, 2019, before the Court granted conditional certification, asserting Defendants' initial disclosures did not contain any relevant payroll information. According to Plaintiff's first motion to compel, on September 28, 2018, Plaintiff's counsel had served Plaintiff's Requests for Admission and First Request for Production on Defendants. The parties conferred on February 7, 2019, and Defendants served their response the same day, indicating "[a]ll responsive documents [were] attached, if any exist." Plaintiff asserted the only documents Defendants produced were "plaintiff's annual earnings report and forms indicating that plaintiff (and some other employees) picked up their paychecks." Docket Entry # 19 at 2. In the first motion to compel, Plaintiff requested the Court order Defendants to produce all responsive documents, including time keeping and payroll records for Plaintiff.

Defendant did not file a response within the time prescribed by the Local Rules of this Court. Therefore, the Court ordered Defendants to file a response. Docket Entry # 22. In their April 25, 2019 response to Plaintiff's first motion to compel, Defendants represented as follows:

> Defendants have complied and have provided Plaintiff with all responsive documents they have located. Defendants have turned over all documents in their possession, custody or control. Defendants are not withholding any privilege[d] documents.

Docket Entry # 24 at 1. No further briefing was filed. On June 18, 2019, the Court denied Plaintiff's first motion to compel, noting Defendants had represented they had produced all responsive, non-privileged documents in their possession, custody, or control.

Following the July 22 notice of consent regarding eleven opt-in plaintiffs, Plaintiff filed his second motion to compel on October 4, 2019. According to Plaintiff, the July 22 notice should have prompted Defendants to produce relevant documents concerning the hours worked by and compensation paid to those opt-in plaintiffs, along with other relevant documents, however Defendants failed to do so. Docket Entry # 30 at p. 2. In light of Defendants' "repeated and pervasive failure to comply with their discovery obligations in this case, Plaintiffs served a Second Request for Production on Defendants on August 1, 2019, requesting many of the same documents previously requested and clarifying that Plaintiffs' requests seek time and pay records for all opt-in plaintiffs." *Id.*

After Defendants again failed to timely respond, the Court ordered them to file a response on or before November 12, 2019. Docket Entry # 34. Meanwhile, on November 11, the Court ordered the case be submitted to mediation by April 27, 2020. Docket Entry # 36.

On November 12, 2019, Defendants filed a one-paragraph response to Plaintiff's second motion to compel. The response was almost identical to Defendants' response to Plaintiff's first motion to compel, claiming they had produced "all documents in their possession, custody or control" responsive to the request for production served on them on September 28, 2018. Docket Entry # 35.

In Plaintiff's reply, Plaintiff emphasized he did not seek documents requested on September 28, 2018, but those requested in the August 1, 2019 Second Request for Production of Documents. Docket Entry # 37 at p. 2. Plaintiff further explained Defendants' failure to comply with their discovery obligations, starting with Defendants' first production of documents and representation to the Court in response to Plaintiff's first motion to compel. According to Plaintiff, "rather than producing payroll and time-keeping records for the [opt-in] plaintiffs, the defendants

have produced 626 pages of documents since the plaintiffs filed their Second Motion to Compel, of which only 48 pages contain any information relevant to any of the plaintiffs, and none of which allow the plaintiffs to calculate the damages owed to the opt-in plaintiffs. The remaining 578 pages contain information about unrelated employees." *Id.* at pp. 2-3. Plaintiff attached a chart to his reply, listing the number of pages of documents produced for each opt-in plaintiff, a description of the documents produced, and examples of the documents in Defendants' possession, custody, or control that Defendants had not produced.

On January 17, 2020, the Court entered a 13-page order granting Plaintiff's second motion to compel. Docket Entry # 38. Specifically, the Court ordered as follows:

> [T]he Court orders Defendants to produce to Plaintiff, within fourteen days from the date of entry of this Order, the following information for the opt-in plaintiffs: (1) paystubs for their employees; (2) the EVV Visit Log Defendants are legally obligated to maintain for each of their home health aides; (3) a separate report containing the clock in and out times for the opt-in plaintiffs; and (4) relevant documents related to the job description, job duties, employment agreements, and training of each opt-in plaintiff.

*Id.* at pp. 11, 13. The Court further ordered that Defendants shall pay Plaintiff's reasonable attorney's fees in bringing the second motion to compel within seven days of being advised of the amount of the fees by Plaintiff. *Id.* at p. 13.

Following the Court's January 17, 2020 Order compelling document production, Defendants have finally produced at least partial payroll records for each of the opt-in plaintiffs. According to Plaintiff's counsel, although the production is incomplete, she attempted to schedule mediation with the mediator's office, but Defendants' counsel refused because he was seeking to withdraw as counsel. Docket Entry # 41 at p. 3.

On February 4, 2020, Plaintiff's counsel emailed Defendants' counsel the following:

> Per the Court's order, I hereby advise you that Plaintiff's reasonable attorney's fees in bringing the second motion to compel total $8,240.00. Please direct your clients to remit payment to Chandler Law, P.C. within seven days.

Docket Entry # 41-2. Defendants' counsel forwarded the email to Defendants, requesting they direct payment to Chandler Law, P.C. within seven days. *Id.*

Later that evening, Defendants emailed Plaintiff's counsel the following:

> What is going on here? I think I am being maltreated here and being intimidated. Please I will need help for these. I am not being informed what is going on here and I don't get any information and I have submitted everything to you all. I think I am requesting a mediator to help solve this and explain things in detail. I am not being treated well here because I am totally in darkness. If things are needed, I'm supposed to be informed of those things, and they will be provided. So please y'all be wise we are not attorneys, some kind of directions are needed to solve problems and not to instigate them.

*Id.*

Plaintiff's attorney's fees have not been paid to date. Rather, on February 4, 2020, Defendants' counsel, Mr. Cramer, filed the current motion to withdraw. Docket Entry # 39. Two days later, Plaintiff filed his Second Stage Motion for Final Certification. Docket Entry # 40. No response has been filed to Plaintiff's motion to date.

## **COUNSEL'S MOTION TO WITHDRAW**

Defendants' counsel, Michael Cramer and Bailey and Galyen, argue good cause exists for their withdrawal as counsel of record for Revival Home Healthcare Services, Inc. and Sylvester Udeze. Specifically, Mr. Cramer asserts Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct "relates to Defendants' failure to fulfill an obligation to Bailey and Galyen, after being given reasonable warning that Michael Cramer and Bailey and Galyen would withdraw unless the obligation was fulfilled." Docket Entry # 39 at p. 1. Counsel contends their withdrawal can be accomplished without material adverse effect on the interests of Plaintiff and Defendants. *Id.* at p. 2.

Plaintiff opposes counsel's motion to withdraw. According to Plaintiff, although the client's failure to pay legal fees can provide good cause for withdrawal in some cases, that is insufficient to allow an attorney to withdraw when the withdrawal would cause significant harm to the litigants and the judicial process. Docket Entry # 41 at p. 3. Plaintiff asserts Defendants have consistently failed to comply with the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court, even with the representation of counsel. *Id.* at pg. 4. Plaintiff asserts the opt-in plaintiffs will be prejudiced by the withdrawal of counsel because Defendants "have demonstrated over and over again that they do not understand and will not comply with even basic rules and orders." *Id*. Plaintiff further asserts as follows:

> Mr. Cramer's motion does not suggest that any new counsel will be entering an appearance for the defendants in this case – and provides only the defendants' direct contact information for communicating with the defendants after his withdrawal – so it is clear that these defendants would be proceeding *pro se* if Mr. Cramer is allowed to withdraw. If the defendants cannot be expected to follow basic rules while they are represented by an attorney who is subject to the ethics rules, their violations can only be expected to increase in absurdity as *pro se* litigants. . . .
>
> . . . Revival Home Healthcare Services, Inc., is prohibited from appearing *pro se* and must be represented by an attorney. . . . Although the individual defendant, Sylvester C. Udeze, could appear *pro se*, an email the defendants recently sent to plaintiffs' counsel confirms that the defendants do not understand the litigation process and need the guidance of an attorney to litigate this matter. *See* Udeze Email, attached as Exhibit B hereto.
>
> According to that email, the defendants feel like they are in the dark, and it might be Mr. Cramer, rather than (or in addition to) the defendants, who should be sanctioned for the defendants' repeated abuse of the judicial process. In addition to compelling document production, the Court's January 17, 2020, Order (Doc. 38) required the defendants to pay plaintiffs' counsel's attorneys' fees related to the second motion to compel. *See* Doc. 38 at 13. The defendants have failed to comply with that Order. The Court should not allow Mr. Cramer to withdraw from this case after nearly two years of repeated abuses of the judicial process, leaving his clients to incur sanctions for his violations, without first deciding who is responsible for the contempt of court.

*Id.* at pp. 4-5.

Sylvester Udeze and his wife Christiana Udeze filed a "Motion to Withdraw Our Attorney" and a separate "Motion for Mediation," both of which the Court docketed as a response to Mr. Cramer's motion to withdraw as counsel. Docket Entry #s 42, 43. Mr. and Mrs. Udeze request Mr. Cramer be allowed to withdraw "due to lack of progress in [their] case." Docket Entry # 42 at p. 1. Mr. and Mrs. Udeze further state as follows:

> We wish to pursue a different direction in the matter at hand and would like to request motion for mediation. Our attorney has not represented our interest well and has delayed our ability to reach an agreement with the opposing party. At this time we would like to ask the court to allow us to seek a different attorney and remove the current attorney from the case.

*Id.* at pp. 1-2; *see also* Docket Entry # 43 at p. 1.

The Court scheduled Mr. Cramer's motion to withdraw for hearing March 9, 2020 but reset the hearing to March 17, 2020 at the request of Mr. Cramer. Docket Entry # 46. On March 13, 2020, the Court cancelled the March 17, 2020 hearing due to potential limitations on travel because of COVID-19. Docket Entry # 49. The Court noted the hearing would be rescheduled at a later date. The Court further noted it would also be entering an amended scheduling order that continued certain deadlines to accommodate postponing the hearing. *Id.*

The Court entered a Third Amended Scheduling Order on March 20, 2020, continuing the final pretrial conference before Judge Mazzant to January 29, 2021. Docket Entry # 51 at p. 3. The Court also reset the hearing on Mr. Cramer's motion to withdraw for May 13, 2020. Docket Entry # 50. The Court conducted the hearing as scheduled on May 13, 2020, but did so via video conference. Counsel for both sides were present during the video hearing, as were Mr. and Mrs. Udeze.

During the hearing, Mr. Cramer stated he is seeking to withdraw as counsel based on Defendants' non-payment of fees. Mr. Cramer further stated communication has broken down with

Defendants. According to Mr. Cramer, counsel is not withholding any documents based on privilege or objections, and they have attempted through emails and calls to explain to Defendants what documents are being sought (i.e., what a pay stub is).

Plaintiff's counsel represented the financial document production is still incomplete because the corporate defendant has not produced full payroll records for each opt-in plaintiff. Plaintiff's counsel further represented their attorney's fees have not been paid as previously ordered by the Court. Plaintiff's counsel indicated a willingness to attend mediation, but Defendants would need counsel in order to do so. Plaintiff's counsel suggested Mr. Cramer's withdrawal be contingent on substitution of counsel and indicated thirty days would be a reasonable time in which to allow Defendants to seek new counsel.

Mrs. Udeze also addressed the Court and stated they are willing "to give everything" but feel they have been in the dark. Mrs. Udeze suggested Defendants have given everything to Mr. Cramer in a timely manner and any breakdown in production was between Mr. Cramer and Plaintiff's counsel. The Court asked Mrs. Udeze what progress Defendants have made on finding substitute counsel, explaining a corporation must have an attorney. Mrs. Udeze stated she has made some phone calls but attorneys are not returning calls due to COVID-19. For that reason, she argued thirty days is too short a time to find new counsel.

## APPLICABLE LAW

Rule 1.15(b) outlines six specific situations in which good cause would exist for withdrawing from representation of a client.[1] *See* TEX. DISCIP. RULES OF PROF'L CONDUCT R.

---

[1] Texas Disciplinary Rule of Professional Conduct 1.15 (b) provides as follows:

> Except as required by paragraph (a), a lawyer shall not withdraw from representing a client unless:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

1.15(b)(1)-(6). It also contains a seventh, catch-all provision that allows an attorney to withdraw where "other good cause for withdrawal exists." *White v. BAC Home Loans Servicing, LP,* Civ. A. No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 14, 2010) (Fish, J.) (citing TEX. DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(7)). An attorney seeking to withdraw bears the burden of proving the existence of good cause for withdrawal. *Murphy v. YRC Inc.*, No. A-10-CA-920, 2011 WL 3902760, at *2 (W.D. Tex. Sept. 6, 2011).

In agreeing to represent a client, counsel is expected to continue representation through completion of the case. TEX. DISCIP. RULES OF PROF'L CONDUCT R. 1.15 cmt. 1, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 1997). In addition to the duties counsel owes to his client, counsel "must be ever conscious of the broader duty to the judicial system that serves both attorney and client." Local Rule AT-3(A). The court may deny counsel's request to withdraw, even when counsel has good cause for his request. *See* TEX. DISCIP. RULES OF PROF'L CONDUCT R. 1.15(c).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Cruz v. Sears Holding Mgmt. Corp.*, No. 3:11-

---

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes may be criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

TEX. DISCIP. RULES OF PROF'L Conduct R. 1.15(b)(1)-(6).

CV-00340-P, 2011 WL 13229440, at *1 (N.D. Tex. Dec. 15, 2011) (quoting *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir. 1989)). Courts have broad discretion when deciding whether to allow an attorney to withdraw. *Id.* A district court has "substantial latitude to deny an attorney's motion to withdraw" if the court is not persuaded that good cause exists. *White*, 2010 WL 2473833, at *1. Additionally, even when good cause exists, it is "incumbent on the court to assure that that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss,* 636 F.2d 880, 882 (5th Cir. 1981).

Thus, courts should consider additional factors before an allowing an attorney to withdraw. *White,* 2010 WL 2473833, at *3. These factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) the prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.*

## **DISCUSSION**

The Court is not persuaded good cause exists to allow Defendants' counsel to withdraw at this time. While the Court understands counsel's dilemma based on Defendants' alleged failure to pay his fees, in agreeing to represent their client, counsel is expected to continue representation through completion of the case. Tex. Disciplinary R. Prof'l Conduct 1.15 cmt. 1, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 1997). Importantly, there are also the outstanding issues of payroll document production and payment of Plaintiff's reasonable attorney's fees in bringing the second motion to compel.

Even if Defendants' counsel had shown good cause exists, considering the above additional factors, the Court would still find withdrawal at this time would prejudice Plaintiff and further delay or disrupt this case, which has been pending for over two years. Also of concern is the fact no other counsel has appeared as substitute counsel for Defendant Revival Home Healthcare Services, Inc. *See Terra Tersus, LLC v. XTO Energy, Inc.*, No. 6:17-CV-697-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018). It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004). "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary."[1] *Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10- CV-2642-L, 2012 WL 899271, at *2 (N.D. Tex. Mar. 16, 2012) (quoting *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004)).

For these reasons, Defendants' counsel's motion to withdraw is denied at this time and without prejudice to refiling in the event certain conditions are met as set forth below. Defendants will be allowed ***30 days*** from the date of this Order in order to retain new counsel. In the meantime, Defendants and current counsel shall meet and confer to determine how to pay Chandler Law, P.C. as previously ordered by the Court in February. Considering the lack of complexity in the issues raised in Plaintiff's second motion to compel, the Court finds reimbursement of $5,000.00 (rather than the $8,240.00 requested) is reasonable. The Court orders Defendants and/or current counsel to remit payment of $5,000.00 to Chandler Law, P.C. as soon as practicable.

---

[1] "When a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant." *Adonai*, 2012 WL 899271, at *1 (citing *Donovan v. Road Rangers Country Junction, Inc*., 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam)). Notably, striking pleadings and entering a default judgment for failure to retain counsel is not an uncommon practice in federal courts. *See AE Mktg. L.L.C. v. Jenkins-Baldwin Corp*., No. 3:07- CV-0321-F, 2013 WL 12226764, at *5 (N.D. Tex. Jan. 2, 2013) (citations omitted).

If Defendants and/or Defendants' counsel have remitted payment of $5,000.00 to Chandler Law, P.C. and completed production of any outstanding payroll document production, Defendants' counsel may refile their motion to withdraw after the thirty days allowed herein for Defendants to retain substitute counsel. The Court recognizes this order places a burden on counsel, but the burden is more properly borne by counsel—who agreed to represent Defendants—than by the Court or Plaintiff.

The Court expects Defendants' counsel to diligently defend this litigation until any refiled motion to withdraw is granted, including the rescheduling of mediation as soon as possible.[2] The Court notes it has extended to July 9, 2020 the deadline to file Defendants' opposition to Plaintiff's Second Stage Motion for Final Certification which has been on file without response since February 6, 2020. Docket Entry # 51 at p. 2. This allows time for Defendants to retain substitute counsel and for the Court to rule on any renewed motion to withdraw as counsel filed by Defendants' counsel.[3] Based on the foregoing, it is

**ORDERED** that Motion to Withdraw as Counsel (Docket Entry #39) is **DENIED without prejudice.** It is further

**ORDERED** that Defendants shall retain substitute counsel and file a notice with the Court stating whether they have secured new counsel by **June 15, 2020**. Defendant Revival Home Healthcare Services, Inc. is warned that failure to retain substitute counsel may result in a judgment entered against it. *See, e.g., Adonai Commc'ns, Ltd. v. Awstin Invs., L.L.C.*, 3:10-CV-2642-L, 2012 WL 899271, at *1 (N.D. Tex. Mar. 16, 2012) ("When a corporation declines to hire

---

[2] The Third Amended Scheduling Order extended the mediation deadline to November 13, 2020. Docket Entry # 51 at p. 2.
[3] In the event any substituted counsel might need additional time in which to file a response to Plaintiff's Second Stage Motion for Final Certification, the Court would entertain a motion requesting a reasonable extension of time in which to do so.

counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant."). It is further

**ORDERED** that in the event Defendants and/or Defendants' counsel have remitted payment of $5,000.00 to Chandler Law, P.C. and completed production of any outstanding payroll document production, Defendants' counsel may refile their motion to withdraw as counsel of record for Defendants after the thirty days allowed herein for Defendants to retain substitute counsel. It is further

**ORDERED** that Defendants' counsel is advised of their continuing duty to their clients until their motion to withdraw has been granted. Finally, it is

**ORDERED** that the Clerk of the Court is to notify Defendants as to this Order and provide Defendants a copy via certified mail.

**SIGNED this 13th day of May, 2020.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE